**RESNICK & LOUIS, P.C.**
Kenneth O. Taylor, III, Esq. (SBN: 253074)
Devin A. De Loa (SBN: 326063)
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (714) 709-4400
Facsimile: (714) 709-4400
Email: ktaylor@rlattorneys.com
         ddeloa@rlattorneys.com

*Attorneys for Defendants SBG Media, Inc, And SBG Media Resources, LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO LLC, a Delaware Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SBG MEDIA, INC, a Florida Corporation; ANDREW "ANDY" GOLD, an individual, SBG MEDIA ENTERPRISE, LLC, a Florida Limited Liability Company; SBG MEDIA RESOURCES, LLC, a Florida Limited Liability Company, and DOES 1-100, inclusive.<br><br>　　　　Defendants. | Case No: 3:25-cv-01068-GPC-JLB<br><br>**DEFENDANTS SBG MEDIA, INC, AND SBG MEDIA RESOURCES, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6); DECLARATION OF KENNETH O. TAYLOR III**<br><br>[*Filed concurrently with Request for Judicial Notice and Proposed Order*]<br><br>Hon. Gonzalo P. Curiel<br>Complaint Filed: April 25, 2025<br>First Amended Complaint: May 21, 2025<br><br>Date: November 7, 2025<br>Time: 1:30 p.m.<br>Courtroom: 12A<br>Judge: Hon. Gonzalo P. Curiel |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on November 7, 2025, at 1:30 p.m. in Courtroom 12A of the above-captioned court, Defendants SBG MEDIA, INC, and SBG MEDIA RESOURCES, LLC (collectively "Defendants"), will move this Court, at the United States Courthouse located at 333 West Broadway, Ste. 420, San Diego, CA 92101, for an order dismissing the First Amended Complaint on file in this action (ECF No. 5), with prejudice on the grounds that each and every one of the claims contained in the FAC fail to state a claim on which relief can be granted (FRCP 12(b)(6)). The motion will be based on this notice, the accompanying memorandum of points and authorities, Request for Judicial Notice, the matters upon which the Court must take judicial notice, the papers and pleadings on file in this matter, and upon the arguments and representations of counsel at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

On or about April 25, 2025, Plaintiff TIBRIO LLC filed a complaint against Defendants Andrew "Andy" Gold and SBG Media. Inc., alleging causes of action of (1) Breach of Written Contract; (2) Breach of Oral Contract; (3) Breach of The Covenant of Good Faith and Fair Dealing; (4) Implied Contractual Indemnity; and (5) Negligence (ECF No. 1). It is important to point out that in its original complaint, Plaintiff alleges that SBG Media, Inc. is a New York corporation and "acts as a publisher for advertisers, including the transmission of marketing e-mails. SBG signed Tibrio's PSA for the transmission of e-mail campaigns." (*See* Plaintiff's Complaint, paragraph 6.)

On or about May 21, 2025, prior to any party appearing in the action, Plaintiff filed a First Amended Complaint (FAC), which added SBG MEDIA ENTERPRISE, LLC, and SBG MEDIA RESOURCES, LLC as Defendants. In its FAC, Plaintiff now alleges that SBG Media, Inc. is a Florida Corporation, located in Boynton Beach, Florida and "acts as a publisher for advertisers, including the transmission of

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)
2

marketing e-mails." Plaintiff also alleges that "SBG Media, Inc., signed Tibrio's PSA [Publisher Services Agreement] for the transmission of e-mail campaigns." (*See* Plaintiff's FAC, ¶6.) Plaintiff also alleges that SBG Media Resources and SBG Media Enterprise are Florida companies and that both defendants also signed Tibrio's PSA for the transmission of e-mail campaigns. (*See* Plaintiff's FAC, ¶¶7 & 8.)

Throughout the rest of the FAC, Plaintiff refers to SBG Media, Inc., SBG Media Resources and SBG Media Enterprise collectively as "SBG," without distinction. As stated above, Plaintiff alleges that Defendants collectively as "SBG" entered into the PSA with Plaintiff and subsequently breached the agreement by failing to provide a defense to a third-party claim. (*See* Plaintiff's FAC, ¶¶5-8 and 25-28.)

In support of that position, Plaintiff attaches the PSA as Exhibit 1 to the FAC. The PSA is dated January 23, 2015, and entered into between ZeetoGroup LLC dba Zeeto Media (which Plaintiff simply states "later" became Plaintiff Tibrio, LLC) and SBG Media Inc. The signatory to the agreement on behalf of SBG Media, Inc. is Mel Gold. The copy of the PSA included with Plaintiff's FAC is unsigned by ZeetoGroup. (*See* Plaintiff's FAC, Exhibit 1.)

Despite Plaintiff's allegations to the contrary, SBG Media Resources, LLC is not named as a party to the contract. In fact, SBG Media Resources, LLC was not formed until December 30, 2020, more than five years after the PSA was signed. Mel Gold is not listed as an officer or agent of SBG Media Resources, LLC (*See* Defendant's Request for Judicial Notice, filed herewith ("RJN"), Ex. 1.)

Although a company named SBG Media, Inc. is named as a party to the contract, the Florida corporation SBG Media, Inc. is not a party to the contract, and was not incorporated until December 30, 2020, more than 5 years after the PSA was signed. Mel Gold is not listed as an officer or agent of SBG Media, Inc. (*See* RJN, Ex. 2.)

The FAC provides no basis for Plaintiff's conclusory statements that SBG Media. Inc. and SBG Media Resources, LLC are parties to the PSA with Plaintiff. The FAC provides no basis for Plaintiff's conclusory statement that SBG Media. Inc. and SBG Media Resources collectively performed, or failed to perform, any of the actions alleged in the FAC. Finally, the FAC provides no basis for Plaintiff's conclusory statement that the other party to the contract, ZeetoGroup LLC dba Zeeto Media, later became Plaintiff Tibrio, LLC.

On or about May 29, 2025, Plaintiff's counsel stipulated to grant defendants an extension of time to respond to the FAC until July 14, 2025. (*See* Declaration of Kenneth O. Taylor III ("Taylor Dec.") ¶2.) On July 9, 2025, counsel for Defendants contacted Plaintiff's counsel by telephone and informed him that SBG Media, Inc. and SBG Media Resources LLC were, respectively, a holding company and a payroll company with no resources or involvement in publishing Plaintiff's media. (Taylor Dec. ¶3.)

During the conversation, Plaintiff's counsel admitted that he had only found the two defendants through a name search on the Florida Secretary of State website and sued them solely on that basis. Defendants' Counsel requested that SBG Media, Inc. and SBG Media Resources, LLC be dismissed from the FAC. Plaintiff's counsel advised that he would speak with his client about the request. On July 10, Plaintiff's counsel advised that his client would not agree to dismiss Defendants from the suit. At that time, Plaintiff's counsel agreed to give Defendants an additional extension of time to respond to the FAC. (Taylor Dec. ¶4.)

Thereafter, on July 28, 2025, Defense counsel and Defendant Andrew Gold participated in a further meet and conference with Plaintiff's counsel in order to provide additional information regarding SBG Media, Inc. and SBG Media Resources, LLC in an effort to convince Plaintiff to dismiss the two parties. Plaintiff's counsel

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)
4

again refused to dismiss Defendants, but agreed to grant Defendants a final extension of time to respond to the complaint, until August 12, 2025. (Taylor Dec. ¶5 and Ex. A.)

In light of Plaintiff's refusal to dismiss Defendants, despite being presented with evidence that they are not appropriate parties to this action, Defendants are now forced to bring the instant motion to dismiss.

## II. <u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(B)(6))</u>

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Under Rule 12(b)(6), a motion to dismiss is properly granted if one or more causes of action in the complaint fail to state a claim as a matter of law. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

While, as a general rule, the court may not consider materials beyond the pleadings when ruling on a 12(b)(6)) motion, it may consider matters that are judicially noticeable, *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001), and documents that are extensively referred to in the complaint or that form the basis of the plaintiff's claim, even if not attached to the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

While the factual allegations of a complaint are generally accepted as true, the court must not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam), and mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss[.]" *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Likewise, "[t]he court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

///

///

### A. First Cause of Action (Breach of Contract)

Plaintiff's first cause of action alleges that "[o]n January 23, 2015, the parties [including Defendants SBG Media, Inc. and SBG Media Resources] entered into the Publisher Services Agreement ("PSA") attached hereto as "Exhibit 1.'" (*See* Plaintiff's FAC, ¶30.) The FAC goes on to allege that Pursuant to section eight (8) of the PSA, Defendants agreed to "comply with all applicable laws, rules, regulations, and ordinances." However, in or around 2024 the company that hosted SBG's properties was purchased by a company that failed to transfer all the necessary data—causing key information about SBG to be noncompliant with relevant laws. This caused claims to be asserted against Plaintiff. Plaintiff complied with all the duties and obligations contained in the PSA." (*See* Plaintiff's FAC, ¶31.)

The elements of a breach-of-contract claim are (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage. *Oasis W Realty, LLC v. Goldman,* 250 P.3d 1115, 1121 (Cal. 2011).

As outlined above, SBG Media Resources LLC is not a party to the PSA attached to the FAC. Furthermore, as confirmed in Defendants RJN Exhibit 2, SBG Media Resources was not organized as a corporate entity until December 30, 2020, more than five years after the PSA was executed in 2015.

Although a company named SBG Media, Inc. is a party to the PSA, it is not the SBG Media, Inc. that is incorporated in Florida, as that company was not incorporated until December 30, 2020, more that five years after the PSA was executed in 2015.

The FAC does not include any facts or evidence which establishes a link between SBG Media Resources or the Florida SBG Media, Inc. and the SBG Media, Inc. that entered into the PSA with ZeetoGroup. The FAC also fails to provide any facts or evidence that establishes how ZeetoGroup and Plaintiff Tibrio are allegedly one and the same.

As outlined above, Plaintiff cannot establish that there was ever a contract between it and Defendants. It is well-established precedent that conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Likewise, "[t]he court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

In view of the foregoing, Plaintiff's first cause of action fails as a matter of law.

### B. Second Cause of Action (Breach of Oral Contract)

Plaintiff's second cause of action alleges that "In late 2024, claims were asserted against Tibrio, for Defendants' violation of relevant transparency laws. Due to the clear liability, Tibrio settled the claims for $91,000 and incurred $15,000 in attorneys' fees" (*See* Plaintiff's FAC, ¶¶37.) The FAC alleges that "Defendants agreed orally to indemnify Plaintiff for the cost of settlement, attorneys' fees, and costs. Despite this agreement, Defendants have failed to indemnify Plaintiff. Plaintiff, on the other hand, complied with all its duties and obligations." (*See* Plaintiff's FAC, ¶¶38.)

Although the district court must accept well-pleaded factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 678-679 (2009).

Here, Plaintiff fails to sufficiently identify the terms of the alleged oral agreement, instead relying solely on the bare minimum allegation that "Defendants agreed orally to indemnify Plaintiff." The FAC does not provide any information as to the partes to the contract, when it was made, or the terms or considerations exchanged, making it impossible to determine if a contract existed or if a breach occurred.

The failure to properly plead the oral contract is particularly troublesome in this instance as there are multiple defendants in this action, three of which are corporate

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

entities. As outlined above, the FAC fails to establish that Defendants are parties to the PSA or have any connection to Plaintiff or its business.

As with the first cause of action, Plaintiff's second cause of action relies entirely on conclusory allegations with no supporting facts. Therefore, Plaintiff's second cause of action fails as a matter of law.

### C. Third Cause of Action (Breach of Covenant of Good Faith and Fair Dealing)

Plaintiff's third cause of action alleges that "Plaintiff and Defendants entered into the PSA attached hereto as "Exhibit 1" which mandates indemnity in the event of any acts or omissions. As described herein, Defendants failed to ensure compliance with relevant transparency laws while transmitting Plaintiff's advertising materials." (*See* Plaintiff's FAC, ¶46.) The FAC alleges that "Defendants failed to satisfy the terms of the PSA by indemnifying Plaintiff," and that "[b]y doing so, Defendants did not act fairly and in good faith and Plaintiff was harmed by Defendants' conduct." (*See* Plaintiff's FAC, ¶47.)

California contract law implies a covenant of good faith and fair dealing, "as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement." Waller v. Truck Ins. Exch. , 11 Cal. 4th 1, 36 (1995). Therefore, the existence of a contract is a required element to a cause of action for breach of good faith and fair dealing.

Similar to Plaintiff's first cause of action, Plaintiff cannot establish that there was a contract between it and Defendants. Therefore, Plaintiff's third cause of action fails as a matter of law.

### D. Fourth Cause of Action (Implied Contractual Indemnity)

Plaintiff's Fourth cause of action alleges that "Defendants failed to use reasonable care and acted negligently in performing the work under the PSA by failing to ensure that

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

they complied with all relevant transparency laws and that "these actions constitute a breach of section eight (8) of the PSA. (*See* Plaintiff's FAC, ¶¶46.)  Plaintiff further alleges that "[t]his conduct caused Plaintiff substantial harm in the form of a settlement payment and attorneys' fees to third-party claimants." (*See* Plaintiff's FAC, ¶47.)

As with Plaintiff's previous causes of action, Plaintiff cannot establish that there was a contract between it and Defendants upon which implied indemnity could rely. Therefore, Plaintiff's fourth cause of action fails as a matter of law.

### E. Fifth Cause of Action (Negligence)

Plaintiff's Fifth cause of action alleges that Defendants owed a duty to Plaintiff to comply with all relevant laws and that SBG violated privacy laws and breached its duty to Plaintiff, which harmed Plaintiff in the form of having to defend claims for violation of relevant disclosure laws. (*See* Plaintiff's FAC, ¶¶50 & 51.)

"'The elements of a cause of action for negligence are well established. They are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." ' " (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917 [50 Cal.Rptr.2d 309, 911 P.2d 496].

The fifth cause of action fails to establish that Defendants performed any work or had any connection to Plaintiff or its business and therefore would owe Plaintiff a duty of care.  In fact, the exhibits to Defendants' request for judicial notice directly contradict that assertion.  As stated above, "[t]he court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

In view of the foregoing, Plaintiff's fifth cause of action fails as a matter of law.

///

///

///

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

### III. CONCLUSION

For the foregoing reasons, the First Amended Complaint and all causes of action therein, should be dismissed, prejudice.

DATED:  August 12, 2025                    **RESNICK & LOUIS, P.C.**

_____
Kenneth O. Taylor III, Esq.
Devin A. De Loa, Esq.
*Attorneys for Defendants SBG Media, Inc, and SBG Media Resources, LLC*

### DECLARATION OF KENNETH O. TAYLOR III, ESQ.

I, Kenneth O. Taylor III, Esq. declare as follows:

1. I am licensed to practice before Southern District Court of California and am a partner at Resnick & Louis, P.C. I am counsel of record for Defendants SBG Media, Inc, and SBG Media Resources, LLC (hereinafter collectively referred to as "Defendants") and have knowledge of this case and the contents of this Declaration and could and would competently testify thereto.

2. On or about May 29, 2025, Plaintiff's counsel stipulated to grant Defendants an extension of time to respond to the FAC until July 14, 2025.

3. On July 9, 2025, I contacted Plaintiff's counsel by telephone and informed him that SBG Media, Inc. and SBG Media Resources LLC were, respectively, a holding company and a payroll company with no resources or involvement in publishing Plaintiff's media.

4. During the conversation, Plaintiff's counsel admitted that he had only found the two defendants through a name search on the Florida Secretary of State website and named them solely on that basis. I requested that SBG Media, Inc. and SBG Media Resources, LLC be dismissed from the FAC. Plaintiff's counsel advised that he would speak with his client about the request. On July 10, Plaintiff's counsel advised that his client would not agree to dismiss Defendants from the suit. At that time, Plaintiff's counsel agreed to give Defendants an additional extension of time to respond to the FAC.

5. Thereafter, on July 28, 2025, Defendant Andrew Gold and I participated in a further meet and conference with Plaintiff's counsel in order to provide additional information regarding SBG Media, Inc. and SBG Media Resources, LLC in an effort to convince Plaintiff to dismiss the two parties. Plaintiff's counsel again refused to dismiss Defendants but agreed to grant Defendants a final extension of time to respond

to the complaint, until August 12, 2025. A true and correct copy of the correspondence between me and Plaintiff's counsel is attached hereto as Exhibit "A."

      I declare under penalty of perjury that the foregoing is true and correct and this declaration was executed on this 12th day of August, 2025, in Irvine, California.

                                              Kenneth O. Taylor III, Esq.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT A**

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)



**This message needs your attention**
- Some Recipients have never replied to this person.

Report this Email or Mark as Safe     Powered by Mimecast

No problem.



**Jacob A. Gillick, Esq.**

**Phone** (858) 250-0656
**Website** www.GillickLegal.com
**Email** JGillick@GillickLegal.com
**Address** 3990 Old Town Ave., Suite A200, San Diego, CA 92110

**CONFIDENTIALITY & DISCLAIMER NOTICE:** This email and any attachments may contain confidential or privileged information intended only for the use of the intended recipient. If you are not the intended recipient, any review, use, dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please notify the sender immediately and delete it from your system. This communication is not intended as legal advice and does not create an attorney-client relationship unless you are a current client of Gillick Legal, APC and the advice specifically pertains to your matter.

**From:** Kenneth Taylor III <KTaylor@rlattorneys.com>
**Date:** Tuesday, July 29, 2025 at 3:19 PM
**To:** Jacob Gillick <Jgillick@Gillicklegal.com>
**Cc:** Shannon Rosenkranz <srosenkranz@rlattorneys.com>
**Subject:** RE: Tibrio v. Gold

Could you give him two weeks, to August 12?

Thanks,

Ken

**Kenneth O. Taylor III, Esq.**
Partner
9891 Irvine Center Drive, Suite 200
Irvine, California 92618
Office Direct:         714 709-4254
Cell Phone:            310 625-1269

ktaylor@rlattorneys.com



**ALBUQUERQUE | BAKERSFIELD | BURBANK | CHARLESTON | DALLAS | DENVER | FT LAUDERDALE | HIDALGO COUNTY (THE VALLEY)  | HOUSTON | JACKSON | JACKSONVILLE | LAS VEGAS | LOS ANGELES |  MIAMI | ORANGE COUNTY | ORLANDO | PHOENIX | RIVERSIDE | SACRAMENTO | SALT LAKE CITY | SAN ANTONIO | SAN DIEGO | SARASOTA | TAMPA | LONDON, UK**

www.rlattorneys.com

This message is confidential and may contain privileged information.  Only the intended recipient is authorized to read or utilize the information contained in this e-mail.  If you receive this message in error, please discard the message and advise the sender by reply e-mail or by phone.

**From:** Jacob Gillick <Jgillick@Gillicklegal.com>
**Sent:** Tuesday, July 29, 2025 2:50 PM
**To:** Kenneth Taylor III <KTaylor@rlattorneys.com>
**Cc:** Shannon Rosenkranz <srosenkranz@rlattorneys.com>
**Subject:** Re: Tibrio v. Gold

Thanks, Ken. How much time does he need? Seems like it would cost him the same or more to hire counsel versus paying Tibrio.



### Jacob A. Gillick, Esq.

**Phone** (858) 250-0656
**Website** www.GillickLegal.com
**Email** JGillick@GillickLegal.com
**Address** 3990 Old Town Ave., Suite A200, San Diego, CA 92110

**CONFIDENTIALITY & DISCLAIMER NOTICE:** This email and any attachments may contain confidential or privileged information intended only for the use of the intended recipient. If you are not the intended recipient, any review, use, dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please notify the sender immediately and delete it from your system. This communication is not intended as legal advice and does not create an attorney-client relationship unless you are a current client of Gillick Legal, APC and the advice specifically pertains to your matter.

**From:** Kenneth Taylor III <KTaylor@rlattorneys.com>
**Date:** Tuesday, July 29, 2025 at 2:47 PM
**To:** Jacob Gillick <Jgillick@Gillicklegal.com>
**Cc:** Shannon Rosenkranz <srosenkranz@rlattorneys.com>
**Subject:** RE: Tibrio v. Gold

Jacob,

I spoke with Mr. Gold today and he is looking for counsel to represent the unrelated parties. He asked me to confirm that you are agreeable to allowing SBG Resources and SBG Media Inc additional time to respond to the complaint.

Thanks,

Ken

Kenneth O. Taylor III, Esq.
Partner
9891 Irvine Center Drive, Suite 200
Irvine, California 92618
Office Direct:        714 709-4254
Cell Phone:           310 625-1269
ktaylor@rlattorneys.com



ALBUQUERQUE | BAKERSFIELD | BURBANK | CHARLESTON | DALLAS | DENVER | FT LAUDERDALE | HIDALGO COUNTY (THE VALLEY)  | HOUSTON | JACKSON | JACKSONVILLE | LAS VEGAS | LOS ANGELES |  MIAMI | ORANGE COUNTY | ORLANDO | PHOENIX | RIVERSIDE | SACRAMENTO | SALT LAKE CITY | SAN ANTONIO | SAN DIEGO | SARASOTA | TAMPA | LONDON, UK

www.rlattorneys.com

This message is confidential and may contain privileged information.  Only the intended recipient is authorized to read or utilize the information contained in this e-mail.  If you receive this message in error, please discard the message and advise the sender by reply e-mail or by phone.


**From:** Jacob Gillick <Jgillick@Gillicklegal.com>
**Sent:** Thursday, July 24, 2025 4:34 PM
**To:** Kenneth Taylor III <KTaylor@rlattorneys.com>; Andrew Gold <andrew@sbgmediainc.com>
**Subject:** Re: Tibrio v. Gold

That works



### Jacob A. Gillick, Esq.

**Phone** (858) 250-0656

**Website** www.GillickLegal.com

**Email** JGillick@GillickLegal.com

**Address** 3990 Old Town Ave., Suite A200, San Diego, CA 92110