Jacob A. Gillick, Esq., SBN 312336
3990 Old Town Ave
Suite A200
San Diego, CA 92101
Telephone: (858) 250-0656
E-Mail: JGillick@GillickLegal.com

Attorneys for Plaintiff Tibrio, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TIBRIO, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SBG MEDIA, INC, a Florida Corporation; ANDREW "ANDY" GOLD, an individual, SBG MEDIA ENTERPRISE, LLC, a Florida Limited Liability Company; SBG MEDIA RESOURCES, LLC, a Florida Limited Liability Company, and DOES 1-100, inclusive.<br><br>Defendants. | Case No. 3:25-cv-01068-GPC-JLB<br><br>**PLAINTIFF TIBRIO, LLC'S OPPOSITION TO DEFENDANTS SBG MEDIA, INC., AND SBG MEDIA RESOURCES, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date: November 7, 2025<br>Time: 1:30 p.m.<br>Courtroom: 12A<br>Judge: Hon. Gonzalo P. Curiel |
|---|---|

1

## I.

## INTRODUCTION

This case is not complicated—Plaintiff suffered damages as a result of Defendants' actions which resulted in a payment of $91,000 and $15,000 in attorney's fees to a third party. Prior to this, a written contract was entered into by Defendants in 2015 to indemnify Plaintiff. After the third-party claim, in 2024, Defendants orally agreed to indemnify Plaintiff. The fact that Defendnats have allowed this matter to proceed to this point is baffling. Nobody is disputing indemnification nor the amount paid by Plaintiff. There is also an insurance provider involved in this matter that has misrepresented the entities it represents and has allowed this claim to cause Plaintiff continuing damages. Defendants have now submitted a frivolous Motion to Dismiss which ignores the existence of the agreements pled and conspiracy allegations.

Plaintiff's First Amended Complaint alleges both a written Publisher Services Agreement ("PSA") executed in 2015 by moving party SBG Media, Inc., and a separate agreement in 2024 in which all named Defendants, jointly and severally promised to indemnify Plaintiff for the damages caused by their own misconduct. The existence of these two agreements — one written and one oral — independently supports Plaintiff's contract-based claims. Therefore, the argument that the timing of corporate formation in 2020 shields Defendants from liability fails as a new agreement was made in 2024 and the duties of the original agreement were assumed by all Defendants.

Further, just as ZeetoGroup assigned the PSA to Tibrio, Defendants' appear to have assigned the PSA from SBG Media, Inc., the entity that executed the PSA, to SBG Media Enterprise, LLC, the entity that has answered the FAC. Nonetheless, the FAC alleges continuity of ownership, control, and operations among the entities—allegations Defendants fail to address in their Motion to Dismiss. Defendants shared representation and likely common insurance coverage only reinforces the alter-ego/conspiracy conclusion. The suggestion that two entities can evade liability simply by pointing to incorporation dates — while simultaneously being defended under the same counsel and insurance policy — is precisely the kind of factual dispute that must be tested through discovery, not resolved at the pleading stage.

2

PLAINTIFF TIBRIO, LLC'S OPPOSITION TO DEFENDANTS SBG MEDIA, INC., AND SBG MEDIA RESOURCES, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1  Defendants' reliance on mischaracterization of the facts, combined with their failure to
2  submit any declaration from Andrew Gold or any corporate officer to support the Motion to
3  Dismiss (despite the declaration not being admissible here), underscores the weakness of their
4  position. At this stage, Plaintiff's allegations must be accepted as true, and those allegations
5  more than adequately state claims for relief. As described below, the Motion to Dismiss should
6  be denied.

## II.

## STATEMENT OF FACTS

Defendnats SBG Media, Inc., SBG Media Enterprise, LLC, and SBG Media Resources, LLC (collectively "SBG") entered into a Publisher Services Agreement ("PSA") originally executed on January 23, 2015. First Amended Complaint ("FAC") ¶ 25. The PSA was specifically signed by a Mel Gold, the CEO of SBG Media, Inc. *Id.* at Exhibit 1. The purpose of the PSA was for SBG to distribute ZeetoGroup, LLC, later Plaintiff Tibrio, LLC's ("Tibrio") advertising content to generate user engagement. *Ibid.* Pursuant to section eight (8) of the PSA, SBG agreed to comply with "all applicable laws, rules, regulations, and ordinances." *Id.* at ¶ 26. Under section nine (9), the parties agreed to indemnify each other against "any and all actions, claims, demands, proceedings, liability judgments, settlements, fines, penalties, costs and expenses, including attorney's fees and related costs." *Ibid.*

In mid-2024, a claim was filed against Tibrio for failing to comply with transparent online advertising laws related to Defendants' campaigns. *Id.* at ¶ 27. Specifically, SBG changed who hosted their websites and failed to ensure that all the necessary information was transferred from the old host to the new host—leaving out specific information as to where SBG's e-mails were coming from. *Ibid.* After receiving claims from a third-party, Tibrio paid $91,000 to resolve the claims asserted against it and incurred $15,000 in attorney's fees. *Id.*

SBG and it's alter-ego, Any Gold ("Gold"), were aware of the claims against Tibrio, its duty to indemnify, and that the matter had been settled. *Id.* at ¶ 28. Therefore, "SBG [collectively] and Gold, jointly and severally, agreed to reimburse Tibrio for the costs incurred due to SBG's lack of compliance with relevant laws." *Ibid.* Despite this promise, no

3

PLAINTIFF TIBRIO, LLC'S OPPOSITION TO DEFENDANTS SBG MEDIA, INC., AND SBG MEDIA RESOURCES, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

reimbursement has been made.

After effectuating service on Defendants with the FAC, Plaintiff's counsel was told that Resnick & Louis, P.C., would only be representing Gold and SBG Media Enterprise, LLC because SBG Media, Inc., and SBG Media Resources, LLC, were not involved in the agreement and not covered under the insurance policy. Declaration of Jacob A. Gillick, Esq., ("Gillick Decl.") ¶ 3. This is incongruent with the fact that SBG Media, Inc., executed the PSA in 2015. SBG Media Enterprise, LLC and Gold answered the FAC on July 15, 2025. Dkt. 12. On July 22, 2025, Plaintiff's counsel received a direct e-mail from Gold requesting to speak about SBG Media, Inc., and SBG Media Resources, LLC, "the 2 companies named that are not being represented." Gillick Decl., Exhibit 1. Plaintiff's Counsel then conferred with Resnick & Louis, P.C., to avoid any ethical issues. *Ibid.* On or around July 29, 2025, the parties all conferred on a call where Gold attempted to have Tibrio voluntarily dismiss SBG Media, Inc., and SBG Media Resources, LLC. *Id.* at ¶ 7.

On July 29, 2025, Resnick & Louis, P.C., informed Plaintiff's counsel that Gold would be seeking counsel for the two entities but then filed the instant motion on their behalf. (*Id.* at Exhibit 2.) Plaintiff believes this whole exercise was a ruse to have two liable entities dismissed and avoid responsibility for damages. Resnick & Louis, P.C.'s representation indicates that the entities are covered by the same insurance policy and inextricably intertwined. Further, it is very important to note that neither Gold nor any other executive from any of the SBG entities submitted a declaration to help support their Motion to Dismiss.

With regards to SBG Media, Inc., being the only entity that executed the PSA, the FAC also pleads alter ego allegations tying together all of the entities and Gold. FAC, ¶¶ 11-17. Plaintiff alleges that "Gold and DOES 1-100 controlled the affairs of the entities, acted outside of an agency relationship, disregarded corporate formalities, and that the individuality and separateness of each and all of the Defendnats ceased to and in fact never did exist." *Id.* at ¶¶ 11-13. SBG has seemingly admitted it shuffles around contractual agreements between entities, and Plaintiff believes all of the entities have assumed responsibility for the PSA and subsequent promise to indemnify.

4

As described below, the allegations are sufficient, and Plaintiff requests the Motion to Dismiss be denied so the parties may move forward resolving this matter.

### III.
### LEGAL STANDARD

Central to the complaint are the factual allegations that outline the basis for relief. The basic requirement is that the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc., § 8 subd., (a)(2).) If the allegations in the complaint give the other side fair notice of the nature of the claim, the complaint need not allege the legal theory on which recovery is being sought. *Cruss v. GEM Ins. Co* F.3d 1386, 1391 (9th Cir. 1995). Further, a complaint is sufficient if it gives the defendant "fair notice of what the. . . claim is and the grounds upon which it rests." *Bell v. Atlantic Corp. v. Twombly* 550 U.S. 544, 555 (2007).

In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader. *Erickson v. Pardus* 555 U.S. 89, 94 (2007). Plaintiff may allege that certain defendants acted in concert or pursuant to a conspiracy. *In re Equity Funding Corp. of America Secur. Litig.* 416 F. Supp. 161, 181 (C.D. CA 1976). If the complaint adequately identifies a particular defendant with a category of defendants allegedly responsible for some continuing course of conduct, allegations that "defendants" committed described acts cover each member of the group. *Ibid.*

When plaintiff lacks personal knowledge of certain facts but believes them to be true based on hearsay or secondhand information, those facts may be alleged on "information and belief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Wallgreen Co.* 631 F.3d 436, 442 (7th Cir. 2011). FRCP 11 permits such pleading so long as the allegation is identified as such and there is a likelihood the allegations will have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. Proc., § 11 subd., (b)(3).

A Rule 12(b)(6) dismissal is proper when the complaint either, (1) fails to allege a cognizable legal theory or, (2) fails to allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.* 824 F.3d 1156, 1159 (9th Cir. 2016).

Traditionally, courts have viewed motions to dismiss under 12(b)(6) with disfavor because of the lesser role pleadings play in federal practice and the liberal policy re amendment. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009). The court must assume the truth of the factual allegations in the complaint, draw reasonable inferences from the allegations in plaintiff's favor, and construe the complaint liberally. *National Rifle Ass'n of America v. Vullo* 602 U.S. 175, 181 (2024). As a practical matter, leave to amend is almost always granted by the court. *United States v. Corinthian Colleges* 655 F.3d 984, 995 (9th Cir. 2011).

### IV.

### ARGUMENT

**A. Plaintiff's First and Second Causes of Action for Breach of Written and Oral Contract is Adequately Pled**

To prevail on a cause of action for breach of contract, a plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff. *Richman v. Hartley* 224 Cal.App.4th 1182, 1186 (2014).

The FAC alleges that on January 23, 2015, the parties entered into the Publisher Services Agreement ("PSA") and that "Plaintiff complied with all the duties and obligations contained in the PSA." (FAC ¶¶ 25, 31.) Here, SBG Media, Inc., one of the entities claiming there are no facts sufficient to establish a written contract with it, ignores the fact that the PSA was actually executed on behalf of SBG Media, Inc. FAC, Exhibit 1. Plaintiff also sufficiently alleges that SBG breached its duties to comply with all applicable laws, as set out in section eight (8) of the PSA, which brought about a third-party claim that cost Plaintiff $91,000 to resolve and $15,000 in attorney's fees. (*Id.* at ¶¶ 31-32). Further, in 2024, "SBG and Gold, jointly and severally, agreed to reimburse Tibrio for the costs incurred to SBG's lack of compliance with relevant laws." (*Id.* at ¶ 28.) These are not conclusory or vague allegations. They sufficiently set forth the underlying PSA, the second agreement to indemnify, performance, breach, and damages caused by all Defendants.

///

      i. **_Plaintiff has Sufficiently Alleged that all Defendnats Acted in Concert_**

A Plaintiff may allege that certain defendants acted in concert or pursuant to a conspiracy. *In re Equity Funding Corp. of America Secur. Litig.* 416 F. Supp. 161, 181 (C.D. CA 1976). If the complaint adequately identifies a particular defendant with a category of defendants allegedly responsible for some continuing course of conduct, allegations that "defendants" committed described acts cover each member of the group. *Ibid.* Plaintiff's FAC alleges that "SBG and Gold, jointly and severally, agreed to reimburse Tibrio for the costs incurred to SBG's lack of compliance with relevant laws." FAC ¶ 28.

With regards to the written agreement, Plaintiff alleges that "Gold and DOES 1-100 controlled the affairs of the entities, acted outside of an agency relationship, disregarded corporate formalities, and that the individuality and separateness of each and all of the Defendnats ceased to and in fact never did exist." *Id.* at ¶¶ 11-13. The fact that Defendnats claim SBG Media, Inc., the entity which executed the PSA, was not a party to the PSA, indicates that the entities are inextricably intertwined. Therefore, Plaintiff has sufficiently pled Breach of Contract against all Defendants.

      ii. **_Plaintiff has Sufficiently Alleged the Terms of the Oral Contract_**

Defendant alleges that the terms of the oral contract are not clear. However, Gold and SBG Media Enterprise, LLC did not challenge the FAC and apparently assent to the fact that the allegations are sufficient to put them on notice. *See Cruss v. GEM Ins. Co* F.3d 1386, 1391 (9th Cir. 1995). Further, the terms of the oral agreement are unambiguous: "SBG and Gold, jointly and severally, agreed to reimburse Tibrio for the costs incurred due to SBG's lack of compliance with relevant laws" around mid-2024 when the underlying action took place. (*Id.* at ¶¶ 2, 27-28.) To survive a Motion to Dismiss, Courts ask for details as to what the contract was, promise made, consideration, nature of the breach. *Bissessur v. Indiana Univ. Bd. Of Trustees* 581 F.3d 599, 603 (7th Cir. 2009). All of those details are present to put Defendants on notice and survive the Motion to Dismiss.

/ / /

/ / /

PLAINTIFF TIBRIO, LLC'S OPPOSITION TO DEFENDANTS SBG MEDIA, INC., AND SBG MEDIA RESOURCES, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

       iii. **_Defendants' date of Incorporation is Insufficient to warrant Dismissal_**

Defendants' argument that SBG Media Resources, LLC, and SBG Media, Inc., were not incorporated in 2015 does not negate Plaintiff's conspiracy allegations, which are not even addressed by the Motion to Dismiss. Nor does Defendant explain how SBG Media, Inc., was incorporated in 2020 but executed the PSA in 2015. FAC, Exhibit 1. Further, these arguments do not negate the allegations that an agreement was made by all entities, jointly and severally, in 2024, to indemnify Plaintiff. FAC ¶ 28.

Finally, the fact that all Defendnats are being represented by the same insurer, no affidavit has been proffered under penalty of perjury by Gold, and that there appears to have been an assignment of the PSA, all seem to indicate the Defendants acting in concert. Therefore, Plaintiff requests the Motion to Dismiss be denied.

**B. Breach of the Covenant of Good Faith and Fair Dealing is Sufficiently Plead**

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Comunale v. Traders & General Ins. Co.,* 50 Cal.App.2d 654, 658 (1958). "The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent a contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made. The covenant cannot 'be endowed with an existence independent of its contractual underpinnings.' It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel National, Inc.,* 24 Cal.App.4th 317, 349-350 (2000). Although breach of the implied covenant often is pleaded as a separate count, a breach of the implied covenant is necessarily a breach of contract. *Digerati Holdings, LLC v. Young Money Entertainment, LLC* 194 Cal.App.4th 873, 885 (2011).

Defendants allege that Plaintiff has not sufficiently pled a contract to sustain a cause of action for Breach of the Covenant of Good Faith and Fair Dealing. As described above, Plaintiff has sufficiently alleged an underlying written agreement, executed by SBG Media, Inc., and assumed by the other entities, and a subsequent oral agreement by all parties to indemnify

8

PLAINTIFF TIBRIO, LLC'S OPPOSITION TO DEFENDANTS SBG MEDIA, INC., AND SBG MEDIA RESOURCES, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Plaintiff. Plaintiff requests these allegations survive a Motion to Dismiss.

### C. Implied Contractual Indemnity is Sufficiently Pled

"The right of implied contractual indemnity is predicated upon the indemnitor's breach of contract, 'the rationale . . . being that a contract under which the indemnitor undertook to do work or perform services necessarily implied an obligation to do the work involved in a proper manner and to discharge foreseeable damages resulting from improper performance absent any participation by the indemnitee in the wrongful act precluding recovery.'" *West v. Superior Court* 27 Cal.App.4th 1625, 1633 (1994).

Defendants allege that Plaintiff has not sufficiently pled a contract to sustain a cause of action for Implied Indemnity. As described above, Plaintiff has sufficiently alleged an underlying written agreement signed by SBG Media, Inc., which was assumed by all entitles, and a subsequent oral agreement in 2024 by all parties to indemnify Plaintiff. Plaintiff requests these allegations survive a Motion to Dismiss.

### D. Negligence is Sufficiently Pled

"The elements of a cause of action for negligence are well established. They are '(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as a proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo* 12 Cal.App.4th 913, 917 (1996). Defendants argue that the FAC fails to sufficiently allege a duty by all Defendnats. This ignores the allegations.

First, the breaches took place in 2024, well after all entities were established, therefore the argument that the entities were not established at the time of the written contract's formation is unpersuasive. Further, Plaintiff has sufficiently alleged that "[s]eparate and apart from the contractual terms detailed in the PSA, Defendants owed a duty to Plaintiff to comply with all relevant laws while acting as a publisher of Plaintiff's marketing e-mails. Specifically, Defendnats should have ensured that SBG's identifying information was properly transferred when a new company obtained SBG's domain provider. By not ensuring this transition complied with all applicable laws, SBG violated privacy laws and breached its duty to Plaintiff." (FAC ¶ 50.) This means that all Defendnats owed a duty to comply with applicable

9

PLAINTIFF TIBRIO, LLC'S OPPOSITION TO DEFENDANTS SBG MEDIA, INC., AND SBG MEDIA RESOURCES, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1 laws and changing domain providers.

2  Defendants breached their duties, collectively, when they changed their domain provider in 2024 and failed to ensure legal compliance. This conduct "harmed Plaintiff in the form of having to defend claims of relevant disclosure laws" (*Id.* at ¶ 51.) These allegations are sufficient to put all Defendnats on notice of a duty, breach, causation, and damages. Therefore, Plaintiff requests this Motion to Dismiss be denied.

## V.

## CONCLUSION

The First Amended Complaint pleads two independent agreements: the 2015 Publisher Services Agreement, assumed by all Defendants, and the 2024 indemnity agreement in which all Defendants, including Andrew Gold, promised reimbursement. Either agreement alone is sufficient to sustain Plaintiff's claims. The Complaint also alleges that Defendants acted in concert, disregarded corporate formalities, and operated as alter egos, such that their separateness "ceased to and in fact never did exist." FAC ¶ 11. These allegations, accepted as true, bar dismissal.

Because Plaintiff has alleged detailed facts supporting both contractual and tort claims, Plaintiff requests that Defendants' Motion to Dismiss be denied in its entirety.

Dated:  September 10, 2025                    **Gillick Legal, APC**

By: _____
Jacob A. Gillick, Esq.
Attorneys for Plaintiff Tibrio, LLC

PLAINTIFF TIBRIO, LLC'S OPPOSITION TO DEFENDANTS SBG MEDIA, INC., AND SBG MEDIA RESOURCES, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT