**RESNICK & LOUIS, P.C.**
Kenneth O. Taylor, III, Esq. (SBN: 253074)
Devin A. De Loa (SBN: 326063)
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (714) 709-4400
Facsimile: (714) 709-4400
Email: ktaylor@rlattorneys.com
         ddeloa@rlattorneys.com

*Attorneys for Defendants SBG Media, Inc, and SBG Media Resources, LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO LLC, a Delaware Limited Liability Company, <br><br>             Plaintiff, <br><br> v. <br><br> SBG MEDIA, INC, a Florida Corporation; ANDREW "ANDY" GOLD, an individual, SBG MEDIA ENTERPRISE, LLC, a Florida Limited Liability Company; SBG MEDIA RESOURCES, LLC, a Florida Limited Liability Company, and DOES 1-100, inclusive. <br><br>             Defendants. | Case No: 3:25-cv-01068-GPC-JLB <br><br> **DEFENDANTS' REPLY TO PLAINTIFF TIBRIO, LLC'S OPPOSITION TO DEFENDANTS SBG MEDIA, INC., AND SBG MEDIA RESOURCES, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br> Hon. Gonzalo P. Curiel <br> Complaint Filed: April 25, 2025 <br> First Amended Complaint: May 21, 2025 <br><br> Date: October 31, 2025 <br> Time: 1:30 p.m. <br> Courtroom: 12A <br> Judge: Hon. Gonzalo P. Curiel |

---

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

1

Defendants SBG MEDIA, INC, and SBG MEDIA RESOURCES, LLC (collectively "Defendants"), hereby submit their reply to Plaintiff Tibrio, LLC's Opposition to Defendants' Motion To Dismiss The First Amended Complaint (FAC). As outlined below, Plaintiff's opposition fails to refute the arguments made by Defendants in their motion, and Defendants therefore respectfully request that the Court grant Defendants' Motions to Dismiss, with prejudice.

## I. **PLAINTIFF'S INTRODUCTION AND STATEMENT OF FACTS ARE OVERT ATTEMPTS TO INSERT NEW FACTUAL ALLEGATIONS INTO THE FIRST AMENDED COMPLAINT AND SHOULD BE DISREGARDED**

Plaintiff's lengthy introduction and statement of facts are inappropriate attempts to correct the factual and legal deficiencies contained in the FAC and should be disregarded. First, Plaintiff attempts to belatedly insert conspiracy allegations that are not plead anywhere in the FAC. It is telling that Plaintiff only mentions conspiracy allegation in the introduction, but its statement of facts fails to cite any specific paragraph in the FAC that makes any such allegation. In fact, the word "conspiracy" does not appear anywhere in the FAC.

Plaintiff next attempts to claim that it alleged a "continuity of ownership, control, and operations among the entities …" which is again, false. As outlined in Defendant's original motion, the FAC simply refers to Defendants SBG Media, Inc., SBG Media Enterprise, LLC, and SBG Media Resources, LLC collectively as "SBG," without providing any facts or evidence which establishes a link between the entities. The FAC does not, in fact, plead any continuity of ownership, control, or operations between the corporate entities. Instead, the FAC only alleges a continuity of ownership between Andrew "Andy" Gold and the collective SBG entity in order to support its alter ego allegations against Mr. Gold.

///

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

As with the conspiracy claims, the statement of facts does not cite to a single paragraph in the FAC that alleges a "continuity of ownership, control, and operations" among the corporate defendant entities.

The statement of facts then pivots to an argument that in answering the FAC, Defendants SBG Media Enterprises and Andrew Gold were making admissions on behalf of Defendants SBG Media, Inc. and SBG Media Resources, despite that answer specifically stating multiple times that no response or admission was being made on behalf of the non-answering parties. Regardless, what is or is not contained in the answer filed by SBG Enterprises and Andrew Gold has no bearing on the instant motion to dismiss.

Plaintiff then puts forth the nonsensical theory that Defendants SBG Media, Inc. and SBG Media Resources being represented by the same firm who is representing Defendants SBG Media Enterprise and Andrew Gold, is somehow evidence of a connection between the entities that should be considered by the court in ruling on Defendants' motion. That contention is, of course, absurd.

The remainder of the statement of facts simply regurgitates the conclusory and unsupported statements from the FAC and also strangely calls attention to the fact that no declaration on behalf of Mr. Gold was included with Defendants' motion, before immediately admitting that such a declaration would be inadmissible.

In view of the foregoing, Plaintiff's introduction and statement of facts are improper attempts to amend the FAC and should both be disregarded by the court.

## II. THE OPPOSITION FAILS TO SHOW THAT THE FAC PROPERLY PLEADS A CONTRACT BETWEEN PLAINTIFF AND DEFENDANTS

As outlined in Defendants' motion, Plaintiff's FAC fails to adequately plead the existence of a contract between Defendants and Plaintiff, instead relying on an agreement between two entities, which is only executed by one of them, and of which neither are parties to the suit.

Plaintiff argues that Defendants fail to explain how SBG Media, Inc. was incorporated in 2020 but executed the PSA in 2015. To explain the discrepancy, one need only compare Plaintiff's original complaint to the FAC. As outlined in Defendants' motion, Plaintiff's original complaint names a New York entity named SBG Media, Inc. as a defendant, only to then name the Florida SBG Media Inc. entity in the FAC. As confirmed in Defendants' RJN, the two entities are distinct and different, as the Florida SBG Media Inc. did not come into existence until 2020. Furthermore, the signatory of the agreement on behalf of the New York SBG Media, Inc., Mel Gold, is not affiliated with the SBG Media Inc. that was incorporated in Florida in 2020.

Regarding SBG Media Resources LLC, as established in Defendants' motion, that entity is not a named party to the PSA and was not organized as a corporate entity until December 30, 2020, more than five years after the PSA was executed in 2015.

Plaintiff's argument that it plead that the defendants acted in concert or pursuant to a conspiracy is easily discarded upon a reading of the face of the FAC. The FAC only pleads that Andrew Gold controlled the "SBG" entities and that "SBG and Gold, jointly and severally, agreed to reimburse Tibrio for the costs incurred to SBG's lack of compliance with relevant laws." These allegations are made to support the alter ego accusations against Gold and establish a link between Gold and the omnibus SBG corporate entity. The FAC fails to plead any connection between the individual corporate entities, or that the individual corporate entities acted jointly and severally in any capacity, instead simply lumping the corporate entities in an amorphous "SBG" entity.

As stated above, the FAC also does not include any allegations of conspiracy in any form whatsoever.

///

///

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

4

### III. THE OPPOSITION FAILS TO SHOW THAT THE FAC PROPERLY PLEAD AN ORAL CONTRACT WITH DEFENDANTS

Despite Plaintiff's contention to the contrary in its opposition, the FAC fails to sufficiently plead an oral contract between Plaintiff and Defendants. The opposition simply falls back on the same "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 678-679 (2009). Despite Plaintiff's attempts to improperly insert new facts into the FAC by way of its opposition, the second cause of action in the FAC remains insufficiently plead.

### IV. THE THIRD AND FOURTH CAUSES OF ACTION REMAIN INSUFFICIENTLY PLEAD

The existence of a contract is a required element for both a cause of action for breach of good faith and fair dealing as well as implied contractual indemnity.

Plaintiff's third and fourth causes of action both sound in contract and are therefore insufficiently plead for the same reasons as Plaintiff's first cause of action. As demonstrated above, Plaintiff's opposition does nothing to refute that argument.

### V. PLAINTIFF'S OPPOSITION IGNORES THE FACT THAT DEFENDANTS DID NOT OWE PLAINTIFF A DUTY

As outlined, in Defendant's motion, Plaintiff's fifth cause of action for negligence fails to establish that Defendants performed any work or had any connection to Plaintiff or its business and therefore would owe Plaintiff a duty of care.

Rather than refute that argument, the opposition attempts to use circular logic to support its cause of action by asserting that because Plaintiff alleged that Defendants should have ensured that SBG's identifying information was properly transferred and allegedly failed to do so, that "this means that all Defendnats [sic] owed a duty to comply with applicable laws and changing domain providers."

///

Unfortunately for Plaintiff, an alleged breach does not establish a duty. Rather, a duty must be established before there can be a breach. As outlined in Defendants' motion, the FAC fails to establish that Defendants owed Plaintiff a duty of care or that they breached any such duty.

## VI. CONCLUSION

For the foregoing reasons, Defendants renew their request that the First Amended Complaint, and all causes of action therein, be dismissed, with prejudice.

**DATED:** September 23, 2025                **RESNICK & LOUIS, P.C.**

Kenneth O. Taylor III, Esq.
Devin A. De Loa, Esq.
*Attorneys for Defendants SBG Media, Inc, and SBG Media Resources, LLC*