UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO LLC, a Delaware Limited Liability Company,<br><br>                                    Plaintiff,<br><br>v.<br><br>SBG MEDIA, INC, a Florida Corporation; ANDREW "ANDY" GOLD, an individual, SBG MEDIA ENTERPRISE, LLC, a Florida Limited Liability Company; SBG MEDIA RESOURCES, LLC, a Florida Limited Liability Company, and DOES 1-100, inclusive,<br><br>                                    Defendant. | Case No.: 3:25-cv-01068-GPC-JLB<br><br>**ORDER:**<br>  **(1) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br>  **(2) GRANTING THE MOTION TO DISMISS**<br><br>**[ECF No. 18]** |

Defendant SBG Media Inc. and Defendant SBG Media Resources, LLC (collectively, "Defendants") have submitted before this Court a request for judicial notice and a motion to dismiss Plaintiff's complaint. ECF No. 18. The motion to dismiss has been fully briefed. ECF Nos. 20, 26. The Court finds the matters suitable for decision on the papers.

1

For the reasons below, the Court **GRANTS** Defendants' motion to dismiss.

## FACTUAL BACKGROUND

On January 23, 2015, ZeetoGroup, LLC entered into a Publisher Services Agreement ("PSA") with a SBG Media, Inc. ECF No. 5 ("FAC") ¶ 25, Ex. 1. The PSA indicates that it was signed by CEO Mel Gold. *Id.*, Ex. 1. Under that agreement, ZeetoGroup, LLC is labeled as the advertiser, while SBG Media, Inc. is the publisher. *Id*. The PSA sets out that the publisher will distribute the advertiser's content to generate user engagement. *Id*. ¶ 25. In turn, the publisher would be paid according to performance. *Id*.

As relevant, Section 8 of the PSA states that "[e]ach party represents and warrants that…at all times, the Advertising Material (and its transmission) and its performance hereunder shall comply with all applicable laws, rules, regulations, and ordinances…and will not violate any applicable rights of any third party." *Id.*, Ex. 1. Further, Section 9 states that each party would indemnify each other from and against "any and all actions, claims, demands, proceedings, liabilities, judgments, settlements, fines, penalties, costs, and expenses…which: (i) arise solely or in part from the act(s) and or omission(s) of the Indemnifying Party." *Id*.

As alleged, ZeetoGroup, LLC became Plaintiff Tibrio, LLC ("Plaintiff"). *Id*. ¶ 24. In mid-2024, the host of SBG Media, Inc.'s websites acquired a new provider, and during the transition, the new company failed to transfer all necessary data. *Id*. ¶ 27. Specifically, "some key information about where SBG's e-mails were coming from was missing, which violated relevant laws about being clear and transparent in online advertising." *Id*. As a result, claims against Plaintiff were filed, arguing Plaintiff had

failed to comply with transparent online advertising laws. *Id*.; ECF No. 20 ("Opp.") at 3.[1] To avoid unnecessary litigation costs, Plaintiff promptly settled those claims, incurring $91,000 in settlement payments and $15,000 in attorneys' fees. FAC ¶ 27.

Defendant SBG Media, Inc. is a Florida corporation and was incorporated on December 30, 2020. ECF No. 18 ("Mot.") at 3, Ex. 1. Defendant SBG Media, Inc. has stated it is a holding company. *Id*. at 4. Defendant SBG Media Resources, LLC is also a Florida corporation that was incorporated on December 30, 2020. *Id*. at 3, Ex. 2. This defendant has stated it is a payroll company. *Id*. at 4. Mel Gold is not listed as an officer or agent of either defendant. *Id*. at 3.

Plaintiff claims that Defendants SBG Media, Inc., SBG Media Enterprise, LLC, and SBG Media Resources, LLC and their "alter-ego, Andy Gold [ ] were aware of the claims against [Plaintiff], its duty to indemnify [Plaintiff], and that the matter had been settled." FAC ¶ 28. Plaintiff maintains that these four defendants "jointly and severally[] agreed to reimburse [Plaintiff] for the costs incurred due to SBG's lack of compliance with relevant laws." *Id*. Plaintiff has not received any payment from the named defendants. *Id*.

## PROCEDURAL HISTORY

On April 25, 2025, Plaintiff filed a complaint against Defendants SBG Media, Inc., a New York corporation, Andrew ("Andy") Gold, and Does 1-100 for breach of written contract, breach of oral contract, breach of the covenant of good faith and fair dealing, implied contractual indemnity, and negligence. ECF No. 1. On May 21, 2025, Plaintiff filed their first amended complaint, replacing the New York SBG Media, Inc. with Defendants SBG Media, Inc., SBG Media Resources, LLC, and SBG Media Enterprise,

---

[1] Throughout the order, the pagination for docketed documents is derived from the numbering generated by the ECF system.

LLC—all of which are companies located in Florida. ECF No. 5. On July 15, 2025, Defendant SBG Media Enterprise, LLC and Defendant Andy Gold answered the FAC. ECF No. 12. In contrast and as relevant here, Defendants SBG Media, Inc. and SBG Media Resources, LLC (collectively, "Defendants") moved to dismiss the FAC for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot. at 5-10.

## LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1081 (9th Cir. 2024) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). To survive a motion to dismiss, the complaint must contain a "short and plain statement showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), backed by sufficient facts that make the claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, it requires enough factual content for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In reviewing the plausibility of a complaint, courts must "accept factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Dent v. Nat'l Football League,* 968 F.3d 1126, 1130 (9th Cir. 2020). But courts do not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 954 (9th Cir. 2023). Ultimately, the court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## REQUEST FOR JUDICIAL NOTICE

Generally, on a motion to dismiss, courts will limit their review to the contents of the complaint and may only consider extrinsic evidence that is properly presented as part of the complaint. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). However, under Federal Rule of Evidence 201, a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Defendants ask the Court to take judicial notice of (1) the articles of organization for SBG Media Resources, LLC, ECF Doc. 18-1, Ex. 1, and (2) the articles of organization for SBG Media Inc, ECF Doc. 18-1, Ex. 2. ECF No. 18-1. Plaintiff does not oppose the request for judicial notice. Exhibit 1 and 2 are relevant to the instant case and are matters of public record, so the Court may take judicial notice of them "without converting a motion to dismiss into a motion for summary judgment." *Lee*, 250 F.3d at 689 (quotations and citations omitted).

## DISCUSSION

Defendants move to dismiss, arguing that the FAC fails to establish a contract with or link to the two Defendants and, thus, fails to state a claim on all causes of action. *See* Mot. at 5-10. In particular, the two Defendants argue that (1) Plaintiff cannot establish the existence of a written or oral contract with Defendants and (2) Defendants do not owe a duty of care to Plaintiff. *Id*.

///

I.      CONTRACTS BETWEEN THE PARTIES

Under California law, "[i]t is essential to the existence of a contract that there should be: (1) [p]arties capable of contracting; (2) [t]heir consent; (3) [a] lawful object; and, (4) [a] sufficient cause or consideration." Cal. Civ. Code § 1550. In addition, "[i]t is essential to the validity of a contract, not only that the parties should exist, but that it should be possible to identify them." Cal. Civ. Code § 1558. The complaint must allege facts that establish the elements of contract formation. *Kuhn v. Three Bell Cap.*, 698 F. Supp. 3d 1119, 1124 (N.D. Cal. 2023). A pleading that only offers "labels and conclusions…[or] tenders naked assertions devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

Each of the FAC's first four causes of action—breach of written contract (Cause 1), breach of oral contract (Cause 2), breach of the covenant of good faith and fair dealing (Cause 3), and implied contractual indemnity (Cause 4)—requires the existence of a contract between the parties to be sufficiently plead. Defendants first argue that Plaintiff has failed to establish that the two Defendants and Plaintiff were party to the written contract. Mot. at 6-7. Second, Defendants argue that Plaintiff failed to sufficiently identify the terms of the alleged oral agreement to establish its existence. *Id*. at 7-8.

A.      **Written Contract: Parties to the Contract**

California law does not require the use of full legal names in the contract, but it must "be possible for a reasonable [individual] to identify the parties to the contract." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 511 (9th Cir. 2023). A defendant will not be bound to a contract if they are not identifiably a party to that contract. *See* Cal. Civ. Code § 1558; *Jackson v. Grant*, 890 F.2d 118, 121 (9th Cir. 1989).

First, as pointed out by Defendants, the Plaintiff Tibrio is not adequately identified as a party to the contract here. *See* Mot. at 6. The written contract in this case identifies ZeetoGroup, LLC as a party and does not name Tibrio. In its amended complaint,

Plaintiff summarily alleges that "ZeetoGroup, LLC then later [became] Plaintiff Tibrio." FAC ¶ 24. No further facts are supplied by Plaintiff to establish the link between itself and ZeetoGroup, LLC. As Plaintiff Tibrio is not a named party to the contract, it must provide more to reasonably identify how ZeetoGroup "became" Tibrio, such as supplying details on how and when the acquisition, change or assignment was made.

In addition, the PSA does not reasonably identify Defendants. On one hand, the contract identifies ZeetoGroup, LLC as the "Advertiser," listing its status as a "Delaware limited liability company" and its address. FAC, Ex. 1. On the other, the same level of detail is not provided for the SBG Media, Inc. that has signed the PSA. Specifically, information about its address and its company type are left blank. *Id*.

Looking at each Defendant individually reveals the lack of adequate identification. One, Defendant SBG Media Resources, LLC was not even a named party or signatory to the written contract. *Id*. Two, the contract was signed in 2015 by Mel Gold as CEO of SBG Media, Inc. *Id*. Meanwhile, Defendant SBG Media Resources, LLC was not organized as a corporate entity until 2020, and Mel Gold is not listed as an officer or agent of the company. ECF No. 18-1, Ex. 1; Mot. at 3. Thus, Plaintiff has failed to reasonably identify SBG Media Resources, LLC as a party to the subject contract.

Next, Defendant SBG Media, Inc. is similarly not reasonably identifiable. Defendant SBG Media, Inc. does have the same name as the signatory in the written contract, which provides some support towards identifiability. FAC, Ex. 1. Nonetheless, like Defendant SBG Media Resources, LLC, Defendant SBG Media, Inc., a Florida LLC was not incorporated until 2020. ECF No. 18-1, Ex. 2. It also does not list Mel Gold as an officer or agent of the company. Mot. at 3. To sufficiently identify each of the two Defendants, Plaintiff must supply more facts, establishing how each Defendant is linked to the contract, accounting for the contract language, incorporation information, and organization dates.

In its opposition, Plaintiff counters by alleging a conspiracy between all named Defendants and points back to the FAC's alter ego allegations, which states that Defendants Gold and Does 1-100 controlled the affairs of all named Defendant companies to such an extent that "the individuality and separateness of each and all of the Defendants ceased to and in fact never did exist." FAC ¶ 13. The Plaintiff maintains that "[t]he fact that [Defendants] claim SBG Media, Inc. the entity that executed the PSA, was not a party to the PSA, indicates that the entities are inextricably intertwined." Opp. at 7. Lastly, to support its argument that named Defendants worked in concert, the Plaintiffs maintain that all SBG Defendants have the same insurer and "that there appears to have been an assignment of the PSA." *Id*. at 8. Each of these arguments is unavailing.

As a starting point, this allegation of conspiracy goes beyond the claims made in the FAC.  A Court may not consider new conspiracy allegation made in the Plaintiff's opposition to evaluate the sufficiency of the Plaintiff's claims. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (concluding that new allegations in opposition were irrelevant for Rule 12(b)(6) purposes and that "court may not look beyond the complaint ... such as a memorandum in opposition to a defendant's motion to dismiss").

Further, the alter ego allegations present in the FAC do not allege a link between Defendants SBG Media, Inc., SBG Media Enterprise, LLC, and SBG Media Resources, LLC but instead claim that Defendants Gold and Does 1-100 "used the Entities as a conduit to conduct their personal business, property, and affairs as a device to avoid individual liability." FAC ¶ 14. The crux of the Plaintiff's alter ego allegations is that the Plaintiff believes Defendants Gold and Does 1-100 should be held individually liable as alter egos of the corporate entities, not that the corporate entities were acting in concert. *Id*. ¶ 14, 17.

Finally, the FAC makes no reference to a possible assignment of the PSA and, like the conspiracy claims in the opposition, the Court cannot give these newly made assertions any weight in deciding the motion to dismiss.

For the reasons explained above, neither the Plaintiff nor moving Defendants are identifiable parties. As such, Plaintiff has failed to sufficiently allege that Defendants are bound to the PSA. Defendants, thus, cannot be bound to the PSA.

### B.  Oral Contract: Sufficiently Definite Terms & Consideration

For the existence of a contract to be sufficiently alleged, a plaintiff must plead (1) mutual assent, (2) sufficiently definite contractual terms, and (3) consideration. *Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1142 (N.D. Cal. 2013). Under California law, terms are sufficiently definite if the Court is able "to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." *Ersa Grae Corp. v. Fluor Corp.*, 1 Cal. App. 4th 613, 623 (1991). However, "a contract is void and unenforceable where a contract is so uncertain and indefinite that the intention of the parties on material questions cannot be ascertained." *Rockridge*, 985 F. Supp. 2d at 1142.

Plaintiff's oral contract claim provides few details, such as who was present at the oral exchange and in what capacity oral promises were made and when the exchange took place. Instead, Plaintiff relies on the conclusory allegation that "SBG and Gold, jointly and severally, agreed to reimburse [Plaintiff] for the costs incurred due to SBG's lack of compliance with relevant laws," specifically in the amount of $91,000 in settled claims and $15,000 in attorneys' fees. FAC ¶¶ 27-28. Notwithstanding the deficiencies noted, the claim alleges mutual assent between the parties, stating that both parties knew of the noncompliance claims and came to an agreement. It also provides adequate terms. The claim sets out the amount allegedly owed by Defendants because of their legal noncompliance and that the Plaintiff efficiently handled the claims in Defendants' place,

which determined the amount. *Id*. ¶ 28. Based on these terms, the Court can ascertain the Parties' obligations and their alleged breach. *See Ersa Grae Corp. v. Fluor Corp.*, 1 Cal. App. 4th 613, 623 (1991).

As for the third requirement, consideration is "present when the promisee confers a benefit or suffers a prejudice." *Prop. California SCJLW One Corp. v. Leamy*, 25 Cal. App. 5th 1155, 1165 (2018); Cal. Civ. Code § 1606. The benefit or detriment "must actually be bargained for as the exchange for the promise…[or p]ut another way, the benefit or prejudice must have induced the promisor's promise." *Steiner v. Thexton*, 48 Cal. 4th 411, 421 (2010) (cleaned up). Past consideration—a past benefit or detriment that has been supplied before the promise is made—does not support a contract. *See Passante v. McWilliam*, 53 Cal. App. 4th 1240, 1247 (1997). Similarly, a "promise to perform a preexisting legal duty is not supported by consideration." *See US Ecology, Inc. v. State of California,* 92 Cal. App. 4th 113, 129 (2001).

Here, consideration has not been established. First, Plaintiff had alleged that the written contract created a duty of indemnification. FAC ¶ 28. However, if the existence of the written contract had been sufficiently pled above, it is unclear how the pre-existing duty rule would not apply, leading to the conclusion that the oral contract lacks consideration. Given the written contract was not established, there also are no facts alleged by Plaintiff that show a bargained-for exchange or how Plaintiff's conferred benefit would have induced the two Defendants to make the promise. In fact, the benefit—promptly settling claims and covering related costs—appears to have been conferred by Plaintiff before the alleged promise to indemnify was made. *See id*. This constitutes past consideration and is insufficient to support a new promise or contract.

### C.   Effect on Causes of Action

As seen above, Plaintiff has failed to adequately plead that an oral or written contract exists between Plaintiff and Defendants. Thus, because causes of action 1-4

require the existence of a contract, Plaintiffs have failed to state a claim on those four causes of action.

## II. NEGLIGENCE: DUTY OF CARE

Under California law, a negligence claim must establish a duty of care, a breach of that duty, causation, and injury. *Vasilenko v. Grace Family Church*, 3 Cal. 5th 1077, 1083 (2017). "A duty exists only if the plaintiff's interests are entitled to legal protection against the defendant's conduct." *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 920 (2022) (quotation marks omitted). "The legal duty of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated, or (b) an affirmative duty where the person occupies a particular relationship to others." *McGettigan v. Bay Area Rapid Transit Dist.*, 57 Cal.App.4th 1011, 1016–1017 (1997). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Invs., Inc.*, 118 Cal.App.4th 269, 278 (2004).

Defendants have maintained that Plaintiff's negligence claim fails as a matter of law because Defendants do not owe Plaintiff a duty of care. Mot. at 9. In particular, Defendants have not "performed any work or had any connection to Plaintiff or its business" that would create a legal duty. *Id.*

The Court agrees. As discussed above, Plaintiff has not established that these two Defendants have either an oral or written contract with Plaintiff. Given there is no link between the Defendants and Plaintiff, there are no activities between the parties that would warrant Defendants to exercise care. Thus, Plaintiffs have failed to state a claim on the negligence cause of action.

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendant's motion to dismiss the complaint with leave to amend. Plaintiff shall file an amended complaint within **21 days** of the Court's Order. The hearing set on October 31, 2025 shall be **VACATED**.

**IT IS SO ORDERED.**

Dated: October 20, 2025

Hon. Gonzalo P. Curiel
United States District Judge