**RESNICK & LOUIS, P.C.**
Kenneth O. Taylor, III, Esq. (SBN: 253074)
Devin A. De Loa (SBN: 326063)
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (714) 709-4400
Facsimile: (714) 709-4400
Email: ktaylor@rlattorneys.com
　　　　ddeloa@rlattorneys.com

*Attorneys for Defendants SBG Media, Inc, Andrew "Andy" Gold, SBG Media Enterprise, LLC, and SBG Media Resources, LLC*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO LLC, a Delaware Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SBG MEDIA, INC, a Florida Corporation; ANDREW "ANDY" GOLD, an individual, SBG MEDIA ENTERPRISE, LLC, a Florida Limited Liability Company; SBG MEDIA RESOURCES, LLC, a Florida Limited Liability Company, and DOES 1-100, inclusive.<br><br>　　　　Defendants. | Case No: 3:25-cv-01068-GPC-JLB<br><br>**DEFENDANTS SBG MEDIA, INC, ANDREW "ANDY" GOLD, SBG MEDIA ENTERPRISE, LLC, AND SBG MEDIA RESOURCES, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6); DECLARATION OF KENNETH O. TAYLOR III**<br><br>[*Filed concurrently with Request for Judicial Notice and Proposed Order*]<br><br>Hon. Gonzalo P. Curiel<br>Complaint Filed: April 25, 2025<br>Second Amended Complaint: November 10, 2025<br><br>Date: March 27, 2026<br>Time: 1:30 p.m.<br>Courtroom: 12A<br>Judge: Hon. Gonzalo P. Curiel |

MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on March 27, 2026, at 1:30 p.m. in Courtroom 12A of the above-captioned court, Defendants SBG MEDIA, INC, ANDREW "ANDY" GOLD, SBG MEDIA ENTERPRISE, LLC, and SBG MEDIA RESOURCES, LLC (collectively "Defendants"), will move this Court, at the United States Courthouse located at 333 West Broadway, Ste. 420, San Diego, CA 92101, for an order dismissing the Second Amended Complaint (SAC) on file in this action (ECF No. 31), with prejudice on the grounds that each and every one of the claims contained in the SAC fail to state a claim on which relief can be granted (FRCP 12(b)(6)). The motion will be based on this notice, the accompanying memorandum of points and authorities, Request for Judicial Notice, the matters upon which the Court must take judicial notice, the papers and pleadings on file in this matter, and upon the arguments and representations of counsel at the hearing.

DATED: January 26, 2026                    **RESNICK & LOUIS, P.C.**

_____
Kenneth O. Taylor III, Esq.
Devin A. De Loa, Esq.
*Attorneys for Defendants SBG Media, Inc, Andrew "Andy" Gold, SBG Media Enterprise, LLC, and SBG Media Resources, LLC*

---

MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

2

# TABLE OF CONTENTS

**I. FACTUAL BACKGROUND** ...................................................................................5

**II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(B)(6))** ........................................................................................... 10

    **A.    First Cause of Action (Breach of Contract)** .......................... 11

    **B.    Second Cause of Action (Breach of Oral Contract)** ............ 12

    **C.    Third Cause of Action (Breach of Covenant of Good Faith and Fair Dealing)** ........................................................... 13

    **D.    Fourth Cause of Action (Implied Contractual Indemnity)** ................................................................................ 14

    **E.    Fifth Cause of Action (Negligence)** ......................................... 15

**III. CONCLUSION** ................................................................................................. 16

# TABLE OF AUTHORITIES

*Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ........................................ 10, 12

*Ashcroft v. Iqbal,* 556 U.S. 678-679 (2009) ................................................................ 13

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) .................................................. 10

*Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) ................................................. 10

*Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049,
    1055 (9th Cir. 2008) ............................................................................... 10, 12, 15

*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917 [50 Cal.Rptr.2d
    309, 911 P.2d 496] ............................................................................................... 15

*Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) .................................................. 10

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ............................................................. 10

*Oasis W Realty, LLC v. Goldman,* 250 P.3d 1115, 1121 (Cal. 2011) ........................... 11

*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ......................................... 10

*Waller v. Truck Ins. Exch.* , 11 Cal. 4th 1, 36 (1995) .................................................... 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

On or about April 25, 2025, Plaintiff TIBRIO LLC filed a complaint against Defendants Andrew "Andy" Gold and SBG Media. Inc., alleging causes of action of (1) Breach of Written Contract; (2) Breach of Oral Contract; (3) Breach of The Covenant of Good Faith and Fair Dealing; (4) Implied Contractual Indemnity; and (5) Negligence (ECF No. 1). In its original complaint, Plaintiff alleges that SBG Media, Inc. is a New York corporation and "acts as a publisher for advertisers, including the transmission of marketing e-mails. SBG signed Tibrio's PSA for the transmission of e-mail campaigns." (*See* Plaintiff's Complaint, paragraph 6.)

On or about May 21, 2025, prior to any party appearing in the action, Plaintiff filed a First Amended Complaint (ECF No. 5), which added SBG MEDIA ENTERPRISE, LLC, and SBG MEDIA RESOURCES, LLC as Defendants. In its FAC, Plaintiff now alleged that SBG Media, Inc. is a Florida Corporation, located in Boynton Beach, Florida and "acts as a publisher for advertisers, including the transmission of marketing e-mails." Plaintiff also alleged that "SBG Media, Inc., signed Tibrio's PSA [Publisher Services Agreement] for the transmission of e-mail campaigns." (*See* Plaintiff's FAC, ¶6.) Plaintiff also alleged that SBG Media Resources and SBG Media Enterprise are Florida companies and that both defendants also signed Tibrio's PSA for the transmission of e-mail campaigns. (*See* Plaintiff's FAC, ¶¶7 & 8.) Finally, The FAC alleged that Andrew Gold is the principal and "alter ego" of the other entities (*See* Plaintiff's FAC, ¶¶11-17).

Throughout the rest of the FAC, Plaintiff referred to SBG Media, Inc., SBG Media Resources and SBG Media Enterprise, and Andrew Gold collectively as "SBG," without distinction. As stated above, Plaintiff alleges that Defendants collectively as "SBG" entered into the PSA with Plaintiff and subsequently breached the agreement by failing to provide a defense to a third-party claim. (*See* Plaintiff's FAC, ¶¶5-8 and 25-28.)

In support of that position, Plaintiff attached the PSA as Exhibit 1 to the FAC. The PSA is dated January 23, 2015, and names ZeetoGroup LLC dba Zeeto Media (which Plaintiff simply states "later" became Plaintiff Tibrio, LLC) and SBG Media Inc. as parties to the agreement. The signatory to the agreement on behalf of SBG Media, Inc. is Mel Gold. The copy of the PSA included with Plaintiff's FAC was unsigned by ZeetoGroup. (*See* Plaintiff's FAC, Exhibit 1.)

Defendants SBG Media, Inc. and SBG Media Resources subsequently filed a motion to dismiss the FAC in its entirety on the basis that SBG Media Resources, LLC is not named as a party to the PSA, and that SBG Media Inc. was not formed until December 30, 2020, more than five years after the PSA was signed and is therefore also not a party to the PSA.

The motion was granted by the court on October 20, 2025. (ECF No. 18) In the court's order granting Defendants SBG Media, Inc. and SBG Media Resources, LLC's motion to dismiss, Judge Curiel ruled that Plaintiff Tibrio is not adequately identified as a party to the contract. Although Plaintiff alleges that ZeetoGroup, LLC later became Plaintiff Tibrio, "[n]o further facts are supplied by Plaintiff to establish the link between itself and ZeetoGroup, LLC. As Plaintiff Tibrio is not a named party to the contract, it must provide more to reasonably identify how ZeetoGroup 'became' Tibrio, such as supplying details on how and when the acquisition, change or assignment was made."

In addition, Judge Curiel also correctly ruled that Defendants SBG Media Resources, LLC and SBG Media Inc. were not properly identified as parties to the contract because both entities were not in existence at the time the contract was signed in 2015 by Mel Gold, and Mel Gold is not listed as an officer or agent of either company.

Thereafter, on or about November 10, 2025, Plaintiff filed a Second Amended Complaint (SAC) against all Defendants (ECF No. 31). The SAC contains essentially identical allegations as the FAC, with the exception of the inclusion of additional unsupported allegations added in an attempt to cure the deficiencies in the FAC. Pursuant

to an extension of time granted by the court, Defendants' response to the SAC is due by January 26, 2026 (ECF No. 35).

In support of Plaintiff's position that Defendants owed it a defense and indemnity, the SAC includes the same PSA as Exhibit 1 to the SAC. As with the FAC, the PSA is dated January 23, 2015, and names ZeetoGroup LLC dba Zeeto Media and SBG Media Inc. The signatory to the agreement on behalf of SBG Media, Inc. is Mel Gold. The copy of the PSA included with Plaintiff's SAC is still unsigned by ZeetoGroup. Paragraph 12(c) of the PSA states that "[n]either party may assign, transfer, or delegate any of its rights or obligations under the Agreement without the prior consent of the other party; any attempts to do so shall be null and void." (*See* Plaintiff's SAC, Exhibit 1.)

Regarding Tibrio, the SAC now alleges that "In or around early 2016, Plaintiff Tibrio, LLC was established as a separate entity and assigned the agreements it was performing under. From that point, the name "Tibrio" was on all invoices evidencing the parties' consent to the assignment." (*See* Plaintiff's SAC, ¶ 39). No documentation of any assignment between ZeetoGroup LLC and Plaintiff is included with the SAC and the SAC is unclear as to which parties "consented" to the assignment. The SAC provides no other basis for Plaintiff's position that Tibrio, LLC is a party to the PSA.

Regarding the Defendants, the SAC now includes claims of a conspiracy between the Defendants, alleging that "Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, Defendants SBG Media, Inc., SBG Media Enterprise, LLC, and SBG Media Resources, LLC (collectively "the SBG Entities"), together with their principal Andrew "Andy" Gold, acted in concert, combination, and conspiracy with one another to engage in the conduct alleged in this Complaint." (*See* Plaintiff's SAC, ¶ 18.) The SAC goes on to allege that SBG Media, Inc. executed the PSA five years before it was registered as a corporate entity and that "the SBG Entities were intentionally created, dissolved, and revived at different times to shield assets, obscure liability, and

MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)
7

allow Defendants to choose whichever entity would be most financially convenient or judgment-proof in the event of a dispute." (*See* Plaintiff's SAC, ¶¶ 19 & 20.)

As with the FAC, the SAC fails to provide any basis for Plaintiff's conclusory statements that Defendants were parties to the PSA and conducting business prior to their formation in Florida in December of 2020. Similarly, the SAC provides absolutely no supporting evidence or other basis for Plaintiff's outlandish allegations that Defendants collectively engaged in a conspiracy to engage in the conduct alleged in the SAC. The entirety of Plaintiff's new allegations against Defendants are a transparent ploy to overcome a further motion to dismiss by throwing everything Plaintiff can think of against the wall in hope that something sticks.

Defendant SBG Media Resources, LLC is not named as a party to the PSA. In fact, SBG Media Resources, LLC was not formed until December 30, 2020, more than five years after the PSA was signed. Mel Gold is not listed as an officer or agent of SBG Media Resources, LLC (*See* Defendant's Request for Judicial Notice, filed herewith ("RJN"), Ex. 1.)

Although a company named SBG Media, Inc. is named as a party to the PSA, the Florida corporation SBG Media, Inc. is not a party to the contract, and was not incorporated until December 30, 2020, more than 5 years after the PSA was signed. Mel Gold is not listed as an officer or agent of SBG Media, Inc. (*See* RJN, Ex. 2.)

Defendant SBG Media Enterprise, LLC is not named as a party to the PSA. SBG Media Enterprise, LLC was not formed until December 30, 2020, five years after the PSA was signed and Mel Gold is not listed as an officer or agent of the company. (*See* RJN, Ex. 3.)

Defendant Andrew Gold is not named as a party to the PSA. While The SAC alleges that Andrew Gold is the alter ego of the other Defendants, none of the Defendants are parties to the PSA. Therefore, even if the alter ego allegations were true, Andrew Gold would still not be bound by the terms of the PSA.

Finally, the FAC provides no basis for Plaintiff's conclusory statement that the other party to the contract, ZeetoGroup LLC dba Zeeto Media, assigned the PSA to Plaintiff Tibrio, LLC. In addition, despite having ample time to do so, Plaintiff apparently cannot produce a fully executed copy of the PSA or any documentation of an assignment.

On July 9, 2025, counsel for Defendants contacted Plaintiff's counsel by telephone and informed him that SBG Media, Inc. and SBG Media Resources LLC were, respectively, a holding company and a payroll company with no resources or involvement in publishing Plaintiff's media. (Taylor Dec. ¶3.)

During the conversation, Plaintiff's counsel admitted that he had only found the two defendants through a name search on the Florida Secretary of State website and sued them solely on that basis. (Taylor Dec. ¶4.)

Thereafter, on July 28, 2025, Defense counsel and Defendant Andrew Gold participated in a further meet and confer with Plaintiff's counsel in order to provide additional information regarding SBG Media, Inc. and SBG Media Resources, LLC in an effort to convince Plaintiff to dismiss the two parties. Plaintiff's counsel again refused to dismiss Defendants. (Taylor Dec. ¶5.)

Subsequent to those conversations, the parties have attended multiple Early Neutral Evaluation Conferences with Magistrate Judge Jill L. Burkhardt, during which time Defendants counsel made known their position that the Second Amended Complaint was still defective and that none of the named Defendants were parties to the PSA. Plaintiff's counsel communicated their disagreement with that position. Defense counsel contacted Plaintiff's counsel by phone following the last conference, and advised that they would be bringing a further motion to dismiss. (Taylor Dec. ¶6.)

In view of the foregoing, Defendants now bring the instant motion to dismiss.

MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(B)(6))

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Under Rule 12(b)(6), a motion to dismiss is properly granted if one or more causes of action in the complaint fail to state a claim as a matter of law. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

While, as a general rule, the court may not consider materials beyond the pleadings when ruling on a 12(b)(6)) motion, it may consider matters that are judicially noticeable, *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001), and documents that are extensively referred to in the complaint or that form the basis of the plaintiff's claim, even if not attached to the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

While the factual allegations of a complaint are generally accepted as true, the court must not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam), and mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss[.]" *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Likewise, "[t]he court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

///
///
///
///
///
///
///

### A. First Cause of Action (Breach of Contract)

Plaintiff's first cause of action alleges that "[o]n January 23, 2015, the parties entered into the Publisher Services Agreement ("PSA") attached hereto as "Exhibit 1.'" (*See* Plaintiff's SAC, ¶38.)  The SAC also states that "Plaintiff alleges a conspiracy between all of the SBG entities to avoid the prejudice of Defendants simply picking and choosing whatever entity is most convenient for them." (*See* Plaintiff's SAC, ¶40.)

The SAC goes on to allege that Pursuant to section eight (8) of the PSA, Defendants agreed to "comply with all applicable laws, rules, regulations, and ordinances." However, in or around 2024 the company that hosted SBG's properties was purchased by a company that failed to transfer all the necessary data—causing key information about SBG to be noncompliant with relevant laws. This caused claims to be asserted against Plaintiff. Plaintiff complied with all the duties and obligations contained in the PSA." (*See* Plaintiff's SAC, ¶41.)

The elements of a breach-of-contract claim are (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage. *Oasis W Realty, LLC v. Goldman,* 250 P.3d 1115, 1121 (Cal. 2011).

As outlined above, Andrew Gold, SBG Media Enterprise, LLC, and SBG Media Resources LLC are not parties to the PSA attached to the SAC.  Furthermore, as confirmed in Defendants' RJN Exhibits 2 and 3, SBG Media Resources and SBG Media Enterprise were not organized as corporate entities until December 30, 2020, more than five years after the PSA was executed in 2015.

Although a company named SBG Media, Inc. is a party to the PSA, it is not the SBG Media, Inc. that is incorporated in Florida, as that company was not incorporated until December 30, 2020, more than five years after the PSA was executed in 2015. Furthermore, Mel Gold is not listed as an officer or agent of the company.

///

Despite its unsupported and specious claims of a conspiracy between the Defendants, the SAC does not include any facts or evidence which establishes a link between Defendants and the SBG Media, Inc. entity on whose behalf Mel Gold executed the PSA in 2015.

The SAC also alleges that "Defendants have claimed that SBG Media Enterprises [sic], LLC is the appropriate entity to be held liable under the PSA." Defendants dispute that SBG Media Enterprise agreed to be held liable under the PSA, and the SAC fails to provide any information that the PSA, and the specific duties and obligations therein, was ever assigned to SBG Enterprise. The terms of the PSA clearly state that "[n]either party may assign, transfer, or delegate any of its rights or obligations under the Agreement without the prior consent of the other party; any attempts to do so shall be null and void."

On that same note, although the SAC claims that ZeetoGroup assigned the PSA to Tibrio, no evidence of any assignment is provided. In addition, no copy of the PSA executed by ZeetoGroup has ever been provided in any three different complaints filed by Plaintiff.

As outlined above, Plaintiff cannot establish that there was ever a contract between it and Defendants. It is well-established precedent that conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Likewise, "[t]he court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

In view of the foregoing, Plaintiff's first cause of action fails as a matter of law.

**B. Second Cause of Action (Breach of Oral Contract)**

Plaintiff's second cause of action alleges that "In late 2024, claims were asserted against Tibrio, for Defendants' violation of relevant transparency laws. Due to the clear

liability, Tibrio settled the claims for $91,000 and incurred $15,000 in attorneys' fees" (*See* Plaintiff's SAC, ¶¶48.)  The SAC alleges that "Defendants agreed orally to indemnify Plaintiff for the cost of settlement, attorneys' fees, and costs. Despite this agreement, Defendants have failed to indemnify Plaintiff. Plaintiff, on the other hand, complied with all its duties and obligations." (*See* Plaintiff's SAC, ¶¶49.)

Although the district court must accept well-pleaded factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 678-679 (2009).

The language in the SAC is identical to that of the FAC, which was already determined by the court to be insufficient to support a cause of action of breach of oral contract.  As in the FAC, Plaintiff fails to sufficiently identify the terms of the alleged oral agreement, instead relying solely on the bare minimum allegation that "Defendants agreed orally to indemnify Plaintiff."  The SAC does not provide any information as to the partes to the contract, when it was made, or the terms or considerations exchanged, making it impossible to determine if a contract existed or if a breach occurred.

The failure to properly plead the oral contract is particularly troublesome in this instance as there are multiple defendants in this action, three of which are corporate entities.  As outlined above, the SAC fails to establish that Defendants are parties to the PSA.

As with the first cause of action, Plaintiff's second cause of action relies entirely on conclusory allegations with no supporting facts.  Therefore, Plaintiff's second cause of action fails as a matter of law.

**C. Third Cause of Action (Breach of Covenant of Good Faith and Fair Dealing)**

The language of Plaintiff's third cause of action in the SAC is identical to that of the FAC, which was already determined by the court to be insufficient to support the cause of action.  As in the FAC, Plaintiff's third cause of action alleges that "Plaintiff and

Defendants entered into the PSA attached hereto as "Exhibit 1" which mandates indemnity in the event of any acts or omissions. As described herein, Defendants failed to ensure compliance with relevant transparency laws while transmitting Plaintiff's advertising materials." (*See* Plaintiff's FAC, ¶52.) The FAC alleges that "Defendants failed to satisfy the terms of the PSA by indemnifying Plaintiff," and that "[b]y doing so, Defendants did not act fairly and in good faith and Plaintiff was harmed by Defendants' conduct." (*See* Plaintiff's FAC, ¶54.)

California contract law implies a covenant of good faith and fair dealing, "as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement." *Waller v. Truck Ins. Exch.*, 11 Cal. 4th 1, 36 (1995). Therefore, the existence of a contract is a required element to a cause of action for breach of good faith and fair dealing.

Similar to Plaintiff's first cause of action, Plaintiff cannot establish that there was a contract between it and Defendants. Therefore, Plaintiff's third cause of action fails as a matter of law.

### D. Fourth Cause of Action (Implied Contractual Indemnity)

The Fourth cause of action in the SAC is identical to the FAC and again alleges that "Defendants failed to use reasonable care and acted negligently in performing the work under the PSA by failing to ensure that they complied with all relevant transparency laws and that "these actions constitute a breach of section eight (8) of the PSA. (*See* Plaintiff's SAC, ¶ 57.) Plaintiff further alleges that "[t]his conduct caused Plaintiff substantial harm in the form of a settlement payment and attorneys' fees to third-party claimants." (*See* Plaintiff's FAC, ¶ 58.)

///

///

MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

As with Plaintiff's previous causes of action, Plaintiff cannot establish that there was a contract between it and Defendants upon which implied indemnity could rely. Therefore, Plaintiff's fourth cause of action fails as a matter of law.

### E. Fifth Cause of Action (Negligence)

Plaintiff's Fifth cause of action in the SAC is identical to the FAC and alleges that Defendants owed a duty to Plaintiff to comply with all relevant laws and that SBG violated privacy laws and breached its duty to Plaintiff, which harmed Plaintiff in the form of having to defend claims for violation of relevant disclosure laws. (*See* Plaintiff's FAC, ¶¶61 & 62.)

"'The elements of a cause of action for negligence are well established. They are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury."' " (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917 [50 Cal.Rptr.2d 309, 911 P.2d 496].

Defendant SBG Media Enterprise, LLC admits that it was conducting business with Plaintiff in 2024[1]; however, the fifth cause of action fails to establish that any of the other Defendants performed any work or had any connection to Plaintiff or its business and therefore would owe Plaintiff a duty of care.

In fact, the exhibits to Defendants' request for judicial notice directly contradict that assertion. As stated above, "[t]he court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

In addition, the SAC fails to establish that any Defendant breached a duty it owed to Plaintiff, or that such breach was the proximate cause of Plaintiff's claimed injuries. Therefore, in view of the foregoing, Plaintiff's fifth cause of action fails as a matter of law.

---

[1] As stated above, Defendant denies that it was a party to the PSA, or was assigned or assumed any duties under the PSA.

### III. CONCLUSION

For the foregoing reasons, the Second Amended Complaint and all causes of action therein, should be dismissed, prejudice.

DATED: January 26, 2026                                    **RESNICK & LOUIS, P.C.**

_____
Kenneth O. Taylor III, Esq.
Devin A. De Loa, Esq.
*Attorneys for Defendants SBG Media, Inc, Andrew "Andy" Gold, SBG Media Enterprise, LLC, and SBG Media Resources, LLC*

MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

### DECLARATION OF KENNETH O. TAYLOR III, ESQ.

I, Kenneth O. Taylor III, Esq. declare as follows:

1. I am licensed to practice before Southern District Court of California and am a partner at Resnick & Louis, P.C.

2. I am counsel of record for Defendants SBG Media, Inc, and SBG Media Resources, LLC (hereinafter collectively referred to as "Defendants") and have knowledge of this case and the contents of this Declaration and could and would competently testify thereto.

3. On July 9, 2025, I contacted Plaintiff's counsel by telephone and informed him that SBG Media, Inc. and SBG Media Resources LLC were, respectively, a holding company and a payroll company with no resources or involvement in publishing Plaintiff's media.

4. During the conversation, Plaintiff's counsel admitted that he had only found the two defendants through a name search on the Florida Secretary of State website and sued them solely on that basis.

5. On July 28, 2025, I and my client Andrew Gold participated in a further meet and conference with Plaintiff's counsel in order to provide additional information regarding SBG Media, Inc. and SBG Media Resources, LLC in an effort to convince Plaintiff to dismiss the two parties. Plaintiff's counsel again refused to dismiss Defendants.

///
///
///
///
///
///
///

MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
PURSUANT TO RULE 12(B)(6)

6. Subsequent to those conversations, the parties have attended multiple Early Neutral Evaluation Conferences with Magistrate Judge Jill L. Burkhardt, during which time I made known Defendants' position that the Second Amended Complaint was still defective and that none of the named Defendants were parties to the PSA. Plaintiff's counsel communicated his disagreement with that position. Defense counsel contacted Plaintiff's counsel by phone following the last conference, and advised that they would be bringing a further motion to dismiss.

I declare under penalty of perjury that the foregoing is true and correct and this declaration was executed on this 26th day of January, 2026 in Irvine, California.

Kenneth O. Taylor III, Esq.

MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)