**RESNICK & LOUIS, P.C.**
Kenneth O. Taylor, III, Esq. (SBN: 253074)
Devin A. De Loa (SBN: 326063)
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (714) 709-4400
Facsimile: (714) 709-4400
Email: ktaylor@rlattorneys.com
　　　　ddeloa@rlattorneys.com

*Attorneys for Defendants SBG Media, Inc, Andrew "Andy" Gold, SBG Media Enterprise, LLC, and SBG Media Resources, LLC*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO LLC, a Delaware Limited Liability Company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SBG MEDIA, INC, a Florida Corporation; ANDREW "ANDY" GOLD, an individual, SBG MEDIA ENTERPRISE, LLC, a Florida Limited Liability Company; SBG MEDIA RESOURCES, LLC, a Florida Limited Liability Company, and DOES 1-100, inclusive.<br><br>　　　　　　Defendants. | Case No: 3:25-cv-01068-GPC-JLB<br><br>**DEFENDANTS' REPLY TO PLAINTIFF TIBRIO, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Hon. Gonzalo P. Curiel<br>Complaint Filed: April 25, 2025<br>Second Amended Complaint: November 10, 2025<br><br>Date: April 24, 2026<br>Time: 1:30 p.m.<br>Courtroom: 12A<br>Judge: Hon. Gonzalo P. Curiel |

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

1

Defendants SBG MEDIA, INC, ANDREW "ANDY" GOLD, SBG MEDIA ENTERPRISE, LLC, and SBG MEDIA RESOURCES, LLC (collectively "Defendants"), hereby submit their reply to Plaintiff Tibrio, LLC's Opposition to Defendants' Motion To Dismiss The Second Amended Complaint (SAC). As outlined below, Plaintiff's opposition fails to refute the arguments made by Defendants in their motion, and Defendants therefore respectfully request that the Court grant Defendants' Motions to Dismiss, with prejudice.

## I. PLAINTIFF AGAIN ATTEMPTS TO INSERT NEW FACTUAL ALLEGATIONS AND SUPPORTING DOCUMENTS INTO THE SECOND AMENDED COMPLAINT AND SHOULD BE DISREGARDED

As with Plaintiff's opposition to Defendants' prior motion to dismiss, Plaintiff once again includes a lengthy introduction and statement of facts that are inappropriate attempts to correct the factual and legal deficiencies contained in the SAC and should be disregarded. In addition, Plaintiff now attempts to put additional documentary evidence before the court, all of which could and should have been included with the SAC. Finally, Plaintiff goes one step further by attempting to misrepresent what the documents say, in an attempt to fit its square peg argument into the round hole of its SAC.

First, Plaintiff asserts that Tibrio LLC was a subsidiary of ZeetoGroup, LLC that was spun off into an independent entity in or around early 2016 and was assigned the PSA at issue in this case. Plaintiff also claims that "Correspondences and invoices between the parties evidence assent to the assignment."

The PSA as attached to the SAC states that "Neither party may assign, transfer, or delegate any of its rights or obligations under the Agreement without the prior consent of the other party; any attempt to do so shall be null and void." As pointed out in Defendants' opening motion, no such assignment between Zeeto Group and Tibrio, or agreement to any assignment, is attached to the SAC, despite Plaintiff being given an opportunity to cure that defect from its First Amended Complaint.

In addition, as pointed out, the PSA is not even executed by Zeeto Group. Therefore, while Plaintiff can seek leave to file yet another amended pleading adding Zeeto Group as a Plaintiff, the fact of the matter is that Zeeto Group is not now a Plaintiff to this action, and if any such assignment and/or agreement existed, it should have been attached as an exhibit to the SAC.

Plaintiff's counsel then goes on throughout the motion to include additional documents allegedly evidencing representations made by Defendants and/or Counsel that all entities were acting in concert and were parties to the PSA. First and foremost, any additional documents or evidence attached to the opposition should not be considered. Plaintiff's opposition to the motion must stand or fall on the allegations made in the pleading. Plaintiff has now had two opportunities to amend their pleading to cure defects, and any documentation supporting their allegations should have been included in the SAC.

Even if the court considers the improper additional evidence provided in counsel's declaration, the documents do not say what counsel purports they do, as will be demonstrated below.

## II. NO REPRESENTATION WAS MADE THAT ANY OF THE DEFENDANTS WERE PARTIES TO THE AGREEMENT

Plaintiff next attempts to claim that Mr. Gold and/or counsel made a representation that "one entity signed the agreement but another entity was actually the operating entity." That is not the case. In fact, the documentation attached to counsel's declaration clearly shows that Mr. Gold specifically advised counsel that the SBG Media, Inc. which was a party to the PSA is a New York Corporation, and that there is no information to suggest that the New York SBG Media, Inc., is a subsidiary of the SBG Media Enterprise LLC. Mr. Gold could not have been clearer that there was no connection between the parties.

///

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

3

Similarly, the garbled AI summary of a conversation that took place between Mr. Gold and Counsel, prior to Mr. Gold being represented, does not contain any admission by Mr. Gold that he or any of the SBG Defendants were parties to the PSA.

Finally, the SAC and the opposition attempt to argue that the PSA was a "pre-incorporation contract" entered into by the SBG Defendants prior to their respective incorporations in 2020.  Counsel's documentation of his own research into the issue, although improperly included in its opposition, disproves that theory, however.  Exhibit 3 to counsel's declaration shows that an entity named SBG Media Inc. was incorporated in New York in 2010 and was presumably the entity named in the PSA and upon whose behalf Mel Gold executed the agreement in 2015.  Andy Gold is clear in his e-mail to Plaintiff's counsel that the New York SBG Media Inc. has no connection to the SBG Defendants named in the suit.

In view of the foregoing, it is clear that the PSA was not a "pre-incorporation contract," but was instead a contract entered into by an entirely different entity unconnected to Andy Gold or any of the current SBG Media Defendants.

## III.  **ANDY GOLD AND SBG MEDIA ENTERPRISE HAVE CONSISTENTLY DENIED THAT THEY ARE PARTIES TO THE PSA**

Plaintiff's opposition also puts forth the argument that Andy Gold and SBG Enterprise filed an Answer to Plaintiff's FAC on July 15, 2025 (Dkt. 12.) and "do not deny anywhere in the Answer that they were a party to the PSA or that they are not the appropriate parties." This is patently incorrect.

In addition to denying that the SBG entities collectively entered into any agreement, Defendants Gold and SBG Media Enterprise also deny every paragraph in which it is alleged that they entered into an agreement with Tibrio, and specifically state in Paragraphs 34 and 38 of their answer to the FAC that "Defendants deny that Defendants SBG Media, Inc., SBG Media Enterprise, LLC, SBG Media Resources, LLC, and Andy Gold entered into any agreement with Plaintiff."

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Gold and SBG Media Enterprise also deny in paragraphs 30, 33, 34, 41, 42, 43, and 46 that Tibrio is named as a party to the agreement or is a signatory thereto.

Regarding Plaintiffs contention that counsel for Defendants admitted in his declaration to the original motion to dismiss filed by SBG Media Inc. and SBG Media Resources, no such admission is contained anywhere in that Declaration.

Therefore, the position taken by Defendants Gold and SBG Media Enterprise in their motion to dismiss is not inconsistent or contrary to their position in their answer to Plaintiff's FAC.

Regarding Plaintiff's citation to Defendants' Initial Disclosures as evidence that SBG Media Inc. was the party that contracted with Zeeto Group, the documentation (improperly) relied upon by Plaintiff once again does not show what Plaintiff claims. The thrust of Plaintiff's argument appears to be that because an SBG employee uses an @sbgmediainc e-mail address, that must mean that SBG Media Inc. was a party to the contract and was doing business with Zeeto Group in 2015.  In reality, as noted in Defendant's opening brief, SBG Media Inc. is a holding company for SBG Media Resources and SBG Media Enterprises, which was created in December of 2020, five years after the contract date.  Because SBG Media Inc. is a holding company for the other two entities, it would make sense that employee e-mails addresses use @sbgmediainc in order to avoid confusion with customers.  The registrations with Liquid Web would not need to have the name updated for the same reason.  Neither of those things changes the fact that the SBG Media Inc. that contracted with Zeeto Group was a New York corporation operated by Mel Gold, not the Florida corporation founded in 2020 by Andrew Gold.

Regarding SBG Media Resources, Plaintiff attempts to claim that SBG Media Resources is one of multiple companies that Defendants "shuffle … at their convenience."  Again, there is no evidence to support that theory other than base

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

conjecture and self-serving conclusory statements. As explained to Plaintiff's counsel in detail, SBG Media Resources is a payroll company that is one of the companies held by SBG Media, Inc. It has no resources and performed no services to Zeeto Group. Plaintiff's SAC fails to show any adoption or ratification of the agreement by SBG Media Resources, nor any assignment of the Zeeto Group PSA to SBG Media Resources. SBG Media Resources is, and has always been, an independent entity from the other defendants that serves a specific purpose unrelated to Zeeto Group or Tibrio.

Finally, regarding Plaintiff's counsel's claim that they were induced to name SBG Media Enterprise as a party to the action only to now have SBG Media Enterprise file the instant motion to dismiss, Defendants do not deny that SBG Media Enterprise performed services for Zeeto Group. The thrust of Defendant's motion to dismiss is that SBG Media Enterprise (and, indeed, none of the defendants) is not a party to the PSA by which Tibrio alleges it is owed a defense and indemnity. Furthermore, it is important to note that Mr. Gold was not represented by counsel at the time the alleged conversation took place, and Plaintiff had a duty to perform its own due diligence as to the property parties to litigation. It appears that Tibrio and Zeeto Group seem to have no independent information as to with whom they were doing business with at any point in time.

## IV.    THE OPPOSITION FAILS TO SHOW THAT THE SAC PROPERLY PLEADS A CONTRACT BETWEEN PLAINTIFF AND DEFENDANTS

As demonstrated above and in Defendant's opening brief, Plaintiff's SAC fails to adequately plead the existence of a contract between Defendants and Plaintiff, instead relying on an agreement between two entities, which is only executed by one of them, and neither of which are parties to the suit.

Despite Plaintiff's contention to the contrary, the SAC fails to sufficiently plead an oral contract between Plaintiff and Defendants. The opposition simply falls back on the same "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, [which] do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 678-679 (2009).

Plaintiff's SAC claims that "SBG and Gold, jointly and severally, agreed to reimburse Tibrio for the costs incurred due to SBG's lack of compliance with relevant laws," but provides no further information to support that alleged agreement. Now, in its opposition, Plaintiff attempts to improperly inject new evidence that "Gold stated in a WhatsApp message between him and Shayne Cardwell of Tibrio on April 21, 2025, with regards to the lawsuit cost, 'I would like to take care of that somehow.'" Despite citing to an exhibit 7 in counsel's declaration, no such exhibit or document is provided, and Defendants are therefore unable to respond to Plaintiff's assertion. Regardless, the inclusion of that evidence in an opposition is improper and should be disregarded by the court.

Despite Plaintiff's attempts to improperly insert new facts into the SAC by way of its opposition, the first and second causes of action in the SAC remain insufficiently plead.

Similarly, Plaintiff's third and fourth causes of action both sound in contract and are therefore insufficiently plead for the same reasons. As demonstrated above, Plaintiff's opposition does nothing to refute that argument.

## V.    **PLAINTIFF'S FIFTH CAUSE OF ACTION FAILS AS WELL**

As outlined in Defendants' opening brief, Plaintiff's fifth cause of action for negligence fails to establish that Defendants owed Plaintiff a duty of care under the PSA or otherwise, or that Defendants breached that duty. Plaintiffs' opposition does nothing to refute that argument.

///

///

///

///

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

## VI.   CONCLUSION

For the foregoing reasons, Defendants renew their request that the Second Amended Complaint, and all causes of action therein, be dismissed, with prejudice. Plaintiff has now had three opportunities to properly plead its allegations against Defendants, and its continued failure to do so demonstrates that it is not able to do so, no matter how many opportunities it may be given to amend.

**DATED:** March 25, 2026                    **RESNICK & LOUIS, P.C.**

Kenneth O. Taylor III, Esq.
Devin A. De Loa, Esq.
*Attorneys for Defendants SBG Media, Inc, and SBG Media Resources, LLC*

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is:  9891 Irvine Center Drive, Ste., 200, Irvine, CA 92618.

On March 25, 2026, I served the foregoing document(s) described as **DEFENDANTS' REPLY TO PLAINTIFF TIBRIO, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** on interested parties in this action by sending a true copy of the document to the following parties as follows:

__X__ (BY ELECTRONIC MAIL) I caused the document(s) to be successfully transmitted via electronic mail the offices of the addressees.

_____ (BY FACSIMILE) I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 3003(3)), to the attached listed fax number(s).  The transmission originated from facsimile phone number 714-280-4019 and was reported as complete and without error.

_____ (BY OVER NIGHT DELIVERY) I caused such envelope(s) thereon fully prepaid to be placed via Federal Express.

_____ (BY PERSONAL SERVICE) I caused such envelope(s) to be hand delivered to the offices of the addresses.

_____ (BY US MAIL) I caused such sealed envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Irvine, CA.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service to:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED ON March 25, 2026, at Irvine, California.

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Shannon L. Rosenkranz
An Employee of Resnick & Louis, P.C.

## SERVICE LIST

**Case Name:** Tibrio v. SBG Media
**Case No.:** 3:25-cv-010689-GPC-JLB

Jacob A. Gillick, Esq., SBN 312336 3990 Old Town Ave
Suite A200
San Diego, CA 92101
Telephone: (858) 250-0656
E-Mail: JGillick@GillickLegal.com
Attorneys for Plaintiff Tibrio, LLC

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT