UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO LLC, a Delaware Limited Liability Company,<br><br>          Plaintiff,<br><br>v.<br><br>SBG MEDIA, INC, a Florida Corporation; ANDREW "ANDY" GOLD, an individual, SBG MEDIA ENTERPRISE, LLC, a Florida Limited Liability Company; SBG MEDIA RESOURCES, LLC, a Florida Limited Liability Company, and DOES 1-100, inclusive,<br><br>          Defendant. | Case No.:  3:25-cv-01068-GPC-JLB<br><br>**ORDER:**<br> **(1) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br> **(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 47]** |

Defendants SBG Media Inc., Andrew "Andy" Gold, SBG Media Enterprise, LLC, and SBG Media Resources, LLC (collectively, "Defendants") have submitted before this Court a request for judicial notice and a motion to dismiss Plaintiff's complaint. ECF No. 47. The motion to dismiss has been fully briefed. ECF Nos. 53, 54. The Court finds the matters suitable for decision on the papers.

1

For the reasons below, the Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss.

## FACTUAL BACKGROUND

On January 23, 2015, ZeetoGroup, LLC entered into a Publisher Services Agreement ("PSA") with a SBG Media, Inc. ECF No. 31 ("SAC") ¶ 32, Ex. 1. The PSA indicates that it was signed by CEO Mel Gold. *Id*., Ex. 1. Under that agreement, ZeetoGroup, LLC is labeled as the advertiser, while SBG Media, Inc. is the publisher. *Id*. The PSA sets out that the publisher will distribute the advertiser's content to generate user engagement. *Id*. ¶ 32. In turn, the publisher would be paid according to performance. *Id*.

As relevant, Section 8 of the PSA states that "[e]ach party represents and warrants that…at all times, the Advertising Material (and its transmission) and its performance hereunder shall comply with all applicable laws, rules, regulations, and ordinances…and will not violate any applicable rights of any third party." *Id*., Ex. 1. Further, Section 9 states that each party would indemnify each other from and against "any and all actions, claims, demands, proceedings, liabilities, judgments, settlements, fines, penalties, costs, and expenses…which: (i) arise solely or in part from the act(s) and or omission(s) of the Indemnifying Party." *Id*.

Plaintiff Tibrio, LLC ("Plaintiff") was a subsidiary of ZeetoGroup, LLC. *Id*. ¶ 5. Plaintiff was later spun off into an independent entity in 2016 and was assigned the PSA at issue. *Id*. ¶ 31 n.1. The parties to the PSA assented to the assignment. *Id*.

In mid-2024, the host of SBG Media, Inc.'s websites acquired a new provider, and during the transition, the new company failed to transfer all necessary data. *Id*. ¶ 34. Specifically, "some key information about where SBG's e-mails were coming from was missing, which violated relevant laws about being clear and transparent in online advertising." *Id*. As a result, claims against Plaintiff were filed, arguing Plaintiff had

2

failed to comply with transparent online advertising laws. *Id*.; ECF No. 53 ("Opp.") at 3.[1] To avoid unnecessary litigation costs, Plaintiff promptly settled those claims, incurring $91,000 in settlement payments and $15,000 in attorneys' fees. SAC ¶ 34.

In 2025, Plaintiff discovered that none of the Defendant entities were registered to conduct business since the signing of the PSA in 2015 to 2020. *Id*. ¶ 35. Specifically, Defendant SBG Media, Inc. is a Florida corporation and was incorporated on December 30, 2020. ECF No. 47 ("Mot.") at 8, Ex. 2. Defendant SBG Media, Inc. has stated it is a holding company. *Id*. at 9. Defendant SBG Media Resources, LLC is also a Florida corporation that was incorporated on December 30, 2020. *Id*. at 8, Ex. 1. This defendant has stated it is a payroll company. *Id*. at 9. Defendant SBG Media Enterprise, LLC is a Florida corporation and was incorporated on December 30, 2020. *Id*. at 8, Ex. 3. This Defendant is a publisher for advertisers. ECF No. 12 ¶ 7. Mel Gold is not listed as an officer or agent of any of the defendant entities. Mot. at 8. Instead, Andrew Gold is listed. *Id*., Ex. 1-3.

Despite the business registration discrepancies, Plaintiff alleges that Defendants SBG Media, Inc., SBG Media Enterprises, LLC, and SBG Media Resources (collectively, "Entity Defendants"), together with their principal, Defendant Andrew Gold ("Gold"), acted in concert in regard to the PSA. SAC ¶ 18. Plaintiff alleges that each of the Entity Defendants act or once acted as publishers for advertisers. *Id*. ¶¶ 6-8. Specifically, Plaintiff believes Defendant SBG Media, Inc. executed the PSA without proper registration. *Id*. ¶ 19. From there, Defendant SBG Media Enterprise, LLC "emerged as the operating arm of the same business, openly acknowledging involvement with the PSA and never disputing its liability under the agreement." *Id*. Finally, Defendant SBG Media

---

[1] Throughout the order, the pagination for docketed documents is derived from the numbering generated by the ECF system.

Resources, LLC allegedly "operated as part of the same collective enterprise, providing services under the PSA and sharing ownership, personnel, and management with the other SBG Entities." *Id*. In making these allegations, Plaintiff points to the fact that the Defendant Entities "shared the same ownership…and control structure, held themselves out to the public as 'SBG Media,' and used the same attorney, websites, domains, and personnel when performing obligations under the PSA." *Id*. ¶ 21.

Plaintiff claims that the Entity Defendants and their "alter-ego, Andy Gold [ ] were aware of the claims against [Plaintiff], its duty to indemnify [Plaintiff], and that the matter had been settled." *Id*. ¶ 36. Plaintiff maintains that these four defendants "jointly and severally[] agreed to reimburse [Plaintiff] for the costs incurred due to SBG's lack of compliance with relevant laws." *Id*. Plaintiff has not received any payment from the named defendants. *Id*.

## PROCEDURAL HISTORY

On April 25, 2025, Plaintiff filed a complaint against Defendants SBG Media, Inc., a New York corporation, Andrew ("Andy") Gold, and Does 1-100 for breach of written contract, breach of oral contract, breach of the covenant of good faith and fair dealing, implied contractual indemnity, and negligence. ECF No. 1. On May 21, 2025, Plaintiff filed their first amended complaint, replacing the New York SBG Media, Inc. with Defendants SBG Media, Inc., SBG Media Resources, LLC, and SBG Media Enterprise, LLC—all of which are companies located in Florida. ECF No. 5. On July 15, 2025, Defendant SBG Media Enterprise, LLC and Defendant Andy Gold answered the FAC. ECF No. 12. In contrast, Defendants SBG Media, Inc. and SBG Media Resources, LLC moved to dismiss the FAC for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 18. On October 20, 2025, the Court granted the motion to dismiss as to Defendants SBG Media, Inc. and SBG Media Resources, LLC. ECF No. 28. On November 10, 2025, Plaintiff filed its second amended complaint. ECF No. 31. On

3:25-cv-01068-GPC-JLB

January 26, 2026, Defendants SBG Media, Inc., SBG Media Enterprises, LLC, and SBG Media Resources, and Andrew "Andy" Gold (collectively, Defendants) filed this instant motion to dismiss. ECF No. 47.

## LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1081 (9th Cir. 2024) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). To survive a motion to dismiss, the complaint must contain a "short and plain statement showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), backed by sufficient facts that make the claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, it requires enough factual content for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In reviewing the plausibility of a complaint, courts must "accept all [factual] allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Dent v. Nat'l Football League,* 968 F.3d 1126, 1130 (9th Cir. 2020) (quoting *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013)). But courts do not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 954 (9th Cir. 2023). Ultimately, the court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

3:25-cv-01068-GPC-JLB

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## REQUEST FOR JUDICIAL NOTICE

Generally, on a motion to dismiss, courts will limit their review to the contents of the complaint and may only consider extrinsic evidence that is properly presented as part of the complaint. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). However, under Federal Rule of Evidence 201, a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Defendants ask the Court to take judicial notice of (1) the articles of organization for SBG Media Resources, LLC, ECF Doc. 47-1, Ex. 1, (2) the articles of organization for SBG Media Inc., ECF Doc. 47-1, Ex. 2, and (3) the articles of organization for SBG Media Enterprise, LLC, ECF Doc. 47-1, Ex. 3. ECF No. 47-1. Plaintiff does not oppose the request for judicial notice. Exhibits 1, 2, and 3 are relevant to the instant case and are matters of public record, so the Court may take judicial notice of them "without converting a motion to dismiss into a motion for summary judgment." *Lee*, 250 F.3d at 689 (quotations and citations omitted).

## DISCUSSION

Defendants move to dismiss, arguing that the SAC fails to establish a contract with or link to the four Defendants and, thus, fails to state a claim on all causes of action. *See* Mot. at 11-15. In particular, the Defendants argue that (1) Plaintiff cannot establish the existence of a written or oral contract with Defendants and (2) Defendants do not owe a

3:25-cv-01068-GPC-JLB

duty of care to Plaintiff. *Id*.

/ / /

/ / /

**I.     CONTRACTS BETWEEN THE PARTIES**

Under California law, "[i]t is essential to the existence of a contract that there should be: (1) [p]arties capable of contracting; (2) [t]heir consent; (3) [a] lawful object; and, (4) [a] sufficient cause or consideration." Cal. Civ. Code § 1550. In addition, "[i]t is essential to the validity of a contract, not only that the parties should exist, but that it should be possible to identify them." Cal. Civ. Code § 1558. The complaint must allege facts that establish the elements of contract formation. *Kuhn v. Three Bell Cap.*, 698 F. Supp. 3d 1119, 1124 (N.D. Cal. 2023). A pleading that only offers "labels and conclusions…[or] tenders naked assertions devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

Each of the SAC's first four causes of action—breach of written contract (Cause 1), breach of oral contract (Cause 2), breach of the covenant of good faith and fair dealing (Cause 3), and implied contractual indemnity (Cause 4)—requires the existence of a contract between the parties to be sufficiently plead. Defendants first argue that Plaintiff has failed to establish that the four Defendants and Plaintiff were party to the written contract. Mot. at 11-12. Second, Defendants argue that Plaintiff failed to sufficiently identify the terms of the alleged oral agreement to establish its existence. *Id*. at 12-13.

**A.     Written Contract: Parties to the Contract**

California law does not require the use of full legal names in the contract, but it must "be possible for a reasonable [individual] to identify the parties to the contract." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 511 (9th Cir. 2023). A defendant will not be bound to a contract if they are not identifiably a party to that contract. *See* Cal. Civ. Code § 1558; *Jackson v. Grant*, 890 F.2d 118, 121 (9th Cir. 1989).

Defendants argue that both Plaintiff and all Defendants are not adequately identified as required.

/ / /

### 1.    Plaintiff

First, Defendants argue that Plaintiff Tibrio is still not adequately identified as a party to the contract. Mot. at 12. The written contract in this case identifies ZeetoGroup, LLC as a party and does not name Tibrio. SAC, Ex. 1.

However, in its SAC, Plaintiff states that "Tibrio was spun off into an independent entity in or around early 2016 and was assigned all agreements relevant to its services offered- including the PSA described herein." *Id*. ¶ 31 n.1. Plaintiff also alleges that "[c]orrespondences and invoices between the parties evidence assent to the assignment." *Id*. Additionally, Plaintiff has requested a stipulation from Defendants, allowing ZeetoGroup, LLC to join as a plaintiff to the case. Opp. at 6.

While Plaintiff is not a named party to the contract, Plaintiff has addressed the Court's previous concern that not enough "details on how and when the acquisition, change or assignment was made" were supplied. *Tibrio LLC v. SBG Media, Inc.*, No. 3:25-CV-01068-GPC-JLB, 2025 WL 2962573, at *3 (S.D. Cal. Oct. 20, 2025). Thus, Plaintiff is adequately identified as a party to the contract at this stage.

### 2.    Defendants

Next, Defendants maintain that the PSA does not reasonably identify Defendants. For example, the contract identifies ZeetoGroup, LLC as the "Advertiser," listing its status as a "Delaware limited liability company" and its address. SAC, Ex. 1. In comparison, the same level of detail is not provided for the SBG Media, Inc. that has signed the PSA. Specifically, information about its address and its company type are left blank. *Id*.

3:25-cv-01068-GPC-JLB

Further, as to Defendants SBG Media Resources, LLC and SBG Media Enterprise, LLC, neither was a party or signatory to the written contract. *Id*. The contract was signed in 2015 by Mel Gold as CEO of SBG Media, Inc. *Id*. In addition, neither of these Defendants were organized as a corporate entity until 2020, and Mel Gold is not listed as an officer or agent of either company. ECF No. 47-1, Ex. 1, 3.

Meanwhile, Defendant SBG Media, Inc. does have the same name as the signatory in the written contract, which provides some support towards identifiability. SAC, Ex. 1. Nonetheless, like the two other entity defendants, Defendant SBG Media, Inc. was not incorporated in Florida until 2020. ECF No. 47-1, Ex. 2. Also, the Florida articles of incorporation do not list Mel Gold as an officer or agent of the company. *Id*.

To remedy these issues, Plaintiff has supplied additional factual allegations in its SAC. Addressing the incorporation documents, Plaintiff alleges that the Entity Defendants were conducting business from 2015 to 2020 without proper registration. SAC ¶ 35. Despite not being properly registered in 2015, Defendant SBG Media, Inc. executed the PSA. *Id*. Plaintiff, then, alleges that Defendant SBG Media Enterprise, LLC emerged as the operating arm of the business and Defendant SBG Media Resources, LLC "operated as part of the same collective enterprise, providing related services under the PSA and sharing ownership, personnel, and management with the other SBG Entities." *Id*. ¶ 19. Based on this, Plaintiff alleges that "[b]y reason of their concerted conduct, common control, and mutual benefit, each Defendant acted as the agent and co-conspirator of the others." *Id*. ¶ 22. "Plaintiff further alleges that Defendants' conspiracy and coordination have prejudiced Plaintiff by obscuring which SBG entity bears ultimate responsibility for contractual performance and indemnity." *Id*. ¶ 23.

Plaintiff also supplements the above with its Opposition. The Opposition first points to the docket, stating that Defendants SBG Media Enterprise, LLC and Gold filed an answer to the first amended complaint and filed a third-party complaint for equitable

3:25-cv-01068-GPC-JLB

indemnity and contribution for damages related to the PSA. Opp. at 8; *see* ECF Nos. 12, 14. Plaintiff also alleges additional facts, not included in the complaint. Specifically, it states that, after the complaint was initially filed, Gold requested "that SBG Media and SBG Resources be dismissed because they were not the proper/insured entities and that SBG Enterprise should be named." *Id*.

First, Gold's alleged statements go beyond the claims in the SAC. A Court may not consider new factual allegations made in the plaintiff's opposition to evaluate the sufficiency of the plaintiff's claims. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (concluding that new allegations in opposition were irrelevant for Rule 12(b)(6) purposes and that "court may not look beyond the complaint ... such as a memorandum in opposition to a defendant's motion to dismiss"). Therefore, Gold's alleged statements will not be evaluated at this time.

Second, Plaintiff's conspiracy allegations do not support the SAC's breach of contract claims. As previously mentioned, Plaintiff must allege facts that reasonably identify the contractual parties to survive the motion to dismiss. However, Plaintiff's conspiracy allegations only place equal blame on every defendant's shoulders and never clarify who the party contractually bound is. This obscures the very party that the Plaintiff needs to identify. While Plaintiff's conspiracy allegations could be relevant for other legal claims, they do not establish an identifiable party as required to survive this motion to dismiss.

Given these two considerations, the Court evaluates each defendant in turn:

**SBG Media, Inc.** Plaintiff has adequately pled that SBG Media, Inc. is an identifiable party. Specifically, Plaintiff alleges that SBG Media Inc. signed and executed the contract but was not properly registered in 2015. SAC ¶ 19. These factual allegations establish how Defendant SBG Media, Inc. is linked to the contract and accounts for the

3:25-cv-01068-GPC-JLB

discrepancy in organization dates. While the presence of Mel Gold as a signatory to the contract is not explained, Plaintiff has sufficiently identified Defendant SBG Media, Inc.

**Andrew "Andy" Gold.** Plaintiff has also adequately pled that Defendant Gold is an identifiable party. Specifically, Plaintiff has alleged that Gold "used the Entities as a conduit to conduct their personal business, property, and affairs as a device to avoid individual liability." *Id*. ¶ 14. Thus, because of the alter ego allegations and given that Defendant SBG Media, Inc. is an identifiable party to the contract, Defendant Gold is also a sufficiently identifiable party.

**SBG Media Enterprises, LLC.** This defendant is not sufficiently identified as a contractual party. While Defendant SBG Media Enterprise, LLC "openly acknowledg[es] involvement with the PSA" and has taken actions on the docket indicating that it is involved in the contract, Plaintiff's factual allegations only plausibly establish that Defendant participated in executing the duties of the PSA, *not* that Defendant was a party to the contract. *See id*. ¶ 19; Opp. at 8. Plaintiff does not go so far as to allege that this defendant is a signatory or that the PSA was assigned to it. Thus, Defendant SBG Media Enterprise, LLC is not an identifiable party.

**SBG Media Resources, LLC.** Similar to SBG Media Enterprises LLC, the plausibility standard as to an identifiable party is not met here. Plaintiff provides no factual allegations that Defendant SBG Media Resources, LLC is the relevant contractual party. Plaintiff has only alleged that it "once acted as a publisher for advertisers" and has provided services for the PSA. SAC ¶¶ 8, 19. These facts only establish that Defendant SBG Media Resources, LLC supported duties under the PSA, not that it is a party.

Accordingly, only Defendants SBG Media, Inc. and Gold are reasonably identifiable parties bound to the PSA.

**B.      Oral Contract: Sufficiently Definite Terms & Consideration**

11

For the existence of a contract to be sufficiently alleged, a plaintiff must plead (1) mutual assent, (2) sufficiently definite contractual terms, and (3) consideration. *Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1142 (N.D. Cal. 2013). Under California law, terms are sufficiently definite if the Court is able "to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." *Ersa Grae Corp. v. Fluor Corp.*, 1 Cal. App. 4th 613, 623 (1991). However, "a contract is void and unenforceable where a contract is so uncertain and indefinite that the intention of the parties on material questions cannot be ascertained." *Rockridge*, 985 F. Supp. 2d at 1142.

Plaintiff's oral contract claim provides few details, such as who was present at the oral exchange, in what capacity oral promises were made, and when the exchange took place.  Instead, Plaintiff relies on the conclusory allegation that "SBG and Gold, jointly and severally, agreed to reimburse [Plaintiff] for the costs incurred due to SBG's lack of compliance with relevant laws," specifically in the amount of $91,000 in settled claims and $15,000 in attorneys' fees. SAC ¶ 36.

Notwithstanding the deficiencies noted, the claim alleges mutual assent between the parties, stating that both parties knew of the noncompliance claims and came to an agreement. It also provides adequate terms. The claim sets out the amount allegedly owed by Defendants because of their legal noncompliance and that the Plaintiff efficiently handled the claims in Defendants' place, which determined the amount. *Id*. ¶ 48. Based on these terms, the Court can ascertain the Parties' obligations and their alleged breach. *See Ersa Grae Corp. v. Fluor Corp.*, 1 Cal. App. 4th 613, 623 (1991).

As for the third requirement, consideration is "present when the promisee confers a benefit or suffers a prejudice." *Prop. California SCJLW One Corp. v. Leamy*, 25 Cal. App. 5th 1155, 1165 (2018); Cal. Civ. Code § 1606. The benefit or detriment "must actually be bargained for as the exchange for the promise…[or p]ut another way, the

12

benefit or prejudice must have induced the promisor's promise." *Steiner v. Thexton*, 48 Cal. 4th 411, 421 (2010) (cleaned up). Past consideration—a past benefit or detriment that has been supplied before the promise is made—does not support a contract. *See Passante v. McWilliam*, 53 Cal. App. 4th 1240, 1247 (1997). Similarly, a "promise to perform a preexisting legal duty is not supported by consideration." *See US Ecology, Inc. v. State of California,* 92 Cal. App. 4th 113, 129 (2001).

Here, consideration has not been established. First, Plaintiff had alleged that the written contract created a duty of indemnification. SAC ¶ 36. However, though the existence of the written contract has been sufficiently pled for two defendants, it is unclear how the pre-existing duty rule would not apply, leading to the conclusion that the oral contract lacks consideration.

As for Defendants SBG Media Enterprises, LLC and SBG Media Resources, LLC, there are also no facts alleged by Plaintiff that show a bargained-for exchange or how Plaintiff's conferred benefit would have induced the Defendants to make the promise. In fact, the benefit—promptly settling claims and covering related costs—appears to have been conferred by Plaintiff before the alleged promise to indemnify was made. *See id*. This constitutes past consideration and is insufficient to support a new promise or contract.

### C. Effect on Causes of Action 1-4

Accordingly, Plaintiff has adequately pled that a written contract exists between Plaintiff and Defendants SBG Media, Inc. and Gold. Thus, Plaintiff has succeeded in stating a claim for the first, third, and fourth cause of action as to Defendants SBG Media, Inc. and Gold. Those three causes fail as to Defendants SBG Media Enterprises, LLC and SBG Media Resources, LLC at this stage.

Further, Plaintiff has not sufficiently pled an oral contract as to any defendant. Therefore, Plaintiff has failed to state a claim as to the second cause of action.

## II.   NEGLIGENCE: DUTY OF CARE

The fifth cause of action in the SAC alleges a negligence cause of action.  Under California law, a negligence claim must establish a duty of care, a breach of that duty, causation, and injury. *Vasilenko v. Grace Family Church*, 3 Cal. 5th 1077, 1083 (2017). "A duty exists only if the plaintiff's interests are entitled to legal protection against the defendant's conduct." *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 920 (2022) (quotation marks omitted). "The legal duty of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated, or (b) an affirmative duty where the person occupies a particular relationship to others." *McGettigan v. Bay Area Rapid Transit Dist.*, 57 Cal.App.4th 1011, 1016–1017 (1997). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Invs., Inc.*, 118 Cal.App.4th 269, 278 (2004).

First, Defendants concede that "Defendant SBG Media Enterprise, LLC…was conducting business with Plaintiff in 2024." Mot. at 15. As to the other three parties, however, Defendants have maintained that Plaintiff's negligence claim fails as a matter of law because Defendants do not owe Plaintiff a duty of care. Mot. at 15. In particular, Defendants have not "performed any work or had any connection to Plaintiff or its business" that would create a legal duty. *Id*.

The Court disagrees. All Entity Defendants were allegedly involved in the execution or operation of the PSA, and Gold was allegedly involved as an alter ego. SAC ¶¶ 6-8, 14, 19, 35. Plaintiff have also alleged, "[s]eparate and apart from the contractual terms detailed in the PSA, Defendants owed a duty to Plaintiff to comply with all relevant laws while acting as a publisher, and coconspirators, of Plaintiff's marketing e-mails." *Id*. ¶ 61. Given the Court must "accept all [factual] allegations in the complaint as true and construe them in the light most favorable to the non-moving party," the Court finds that

14

Plaintiff has plausibly pled that Defendants owed it a duty of care. *Dent v. Nat'l Football League,* 968 F.3d 1126, 1130 (9th Cir. 2020) (quoting *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013)). Plaintiff has also alleged that the duty was breached and caused financial harm when "some key information about where SBG's e-mails were coming from was missing, which violated relevant laws about being clear and transparent in online advertising." SAC ¶ 34. Thus, Plaintiff has sufficiently pled negligence for all Defendants.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss the second cause of action as to all Defendants and the first, third, and fourth causes of action as to Defendants SBG Media Enterprises, LLC and SBG Media Resources LLC with leave to amend. The Court **DENIES** the motion to dismiss as to all remaining causes of action and defendants. Plaintiff shall file an amended complaint within **21 days** of the Court's Order. The hearing set on April 24, 2026 shall be **VACATED**.

**IT IS SO ORDERED.**

Dated:  April 23, 2026

Hon. Gonzalo P. Curiel
United States District Judge

15

3:25-cv-01068-GPC-JLB